## TRENTHAM v. BLUTHENTHAL & BICKART, and *vice versa.*

1. When the report filed by an auditor is excepted to on the ground that it is defective, in that it fails to unequivocally show what evidence was admitted and what was rejected, and does not, in conformity with the requirements of the Civil Code, § 4587, " clearly and separately state all rulings made by him, classify and state his findings, and report his conclusions upon the law and facts," but " mixes and mingles his findings in such a way as to render it almost impossible to separate the different rulings made by him," etc., etc., it is not incumbent on the trial judge, of his own motion, to exercise the power conferred upon him by the Civil Code, § 4593, " to recommit the report " to the auditor with direction to perfect the same, if as matter of fact it discloses with due certainty what rulings he made with regard to the admissibility of evidence, and what were his findings of law and of fact touching the issues upon which he was called upon to pass.

2. Assignments of error based on the ground that an auditor improperly overruled objections urged against the admission of evidence can not be considered unless the evidence objected to be set forth, either literally or in substance, in the exceptions filed to his report. *Rusk* v. *Hill*, 117 *Ga.* 722.

3. When a witness is sought to be impeached by proof of prior contradictory statements made in response to certain questions propounded to him in a set of interrogatories previously sued out in the case the written depositions afford the best evidence as to what the witness really swore in reply to such questions, and must be properly accounted for if lost or destroyed, as a condition precedent to introducing parol evidence in this regard.

4. A defendant can not properly be permitted, when unable to establish by proof a plea setting up a novation of a contract, to introduce evidence tending to show that under the express terms of the contract as originally consummated the plaintiff assumed certain obligations which, independently of

whether there was or was not any novation of the nature pleaded, he was bound to respect and fulfill, and that he had by subsequent conduct estopped himself from insisting that this was not true.

5. When suit is brought on a promissory note containing the usual stipulation as to the payment of attorney's fees, and one of the defenses upon which the defendant relies is sustained, the plaintiff is not entitled to collect any amount as attorney's fees.

Argued July 11,—Decided August 13, 1903.

Exceptions to auditor's report. Before Judge Candler. Campbell superior court. August 11, 1902.

*J. F. Golightly,* for Trentham.  *J. H. Longino,* contra.

FISH, P. J. The rulings above announced dispose of all the points insisted on here by counsel for the plaintiff in error, as well as every question presented by the cross-bill of exceptions upon which we are called on to pass. The headnotes speak for themselves, and it is unnecessary that we should set forth in detail all the facts of the case or discuss it at any considerable length. The suit was instituted by Bluthenthal & Bickart to recover a balance alleged to be due upon a promissory note given that firm by Trentham. He filed an answer in which he set up the defense, that, upon a full and fair accounting between himself and the plaintiff firm, it would be found that there was no balance due on the note, but that the firm was really indebted to him in a stated amount. In this connection he alleged that the facts relating to the giving of the note were as follows: Bluthenthal & Bickart sold to him a barroom, as well as certain fixtures and a stock of liquors and cigars, for the sum of $486.83, taking as security for the payment of this amount a mortgage on the property mentioned. He also delivered to that firm, as additional security, certain certificates of stock and a promissory note of which he was the holder. He was at the time in poor health, and it was agreed that in the event he should become unable, on account of ill health, to conduct the barroom, Bluthenthal & Bickart should accept, in full satisfaction of the purchase-price, a portion of which was represented by the note sued on, the certificates of stock and the promissory note pledged as collateral security. The defendant further alleged, that, after taking possession of the barroom and carrying on the business for a short time, he became too sick to further attend to it, and so informed Bluthenthal & Bickart; whereupon it was agreed that firm

should retake possession of the barroom, fixtures, and stock on hand, allowing him as a credit what the same were "reasonably worth;" that Bluthenthal & Bickart did in fact assume charge of the business, the stock of whiskies, etc., "appropriating the same to their own use," and that in this way his indebtedness on the note and upon an open account was discharged in full, as the property turned over to Bluthenthal & Bickart under this arrangement was reasonably worth as much as or more than the purchase-price he had obligated himself to pay. ·

It is evident from the record before us that on the hearing before the auditor the defendant abandoned all hope of being able to prove this alleged novation of the original contract. He offered testimony to the effect that at the time of purchase Bluthenthal & Bickart expressly agreed, as one of the terms of sale, that should he become too ill to carry on the business, he would not be called on to pay the purchase-price, but that the firm should assume charge of the barroom business, the stock of liquors, etc., on hand at the time, allow him a credit of the full amount he had agreed to pay, and thus come to a final settlement and adjustment regarding his indebtedness. He also sought to show that one of the members of the firm, recognizing it to be bound to carry out this arrangement, did in point of fact, at the request of the defendant, made after he had been compelled on account of his bad health to abandon his intention of conducting the business, resume charge of the barroom and dispose of the bar fixtures and stock of liquors and cigars. Objection was made to testimony along this line, (1) because the defendant thus undertook to vary by parol the terms of the contract, which had been reduced to writing, and (2) because he did not in his pleadings allege that any such arrangement had been entered into at the time the trade was consummated. The auditor allowed the testimony to go in, but subsequently ruled that none of it was admissible, and that therefore it could not properly be considered by him in passing upon the question whether or not the defendant had made out the defense set up in his answer. Exception was taken to this ruling, and also to a finding by the auditor, that, as testified by witnesses introduced in behalf of the plaintiff firm, it acted merely in the capacity of an agent of Trentham in disposing of the bar fixtures and stock on hand at the time he surrendered possession of the barroom, and realized

from the sale thereof a larger sum than could have been secured under a foreclosure of the mortgage, and, indeed, quite as large an amount as the defendant could reasonably have expected to receive as the fruits of a judicious management and disposal of the property.

After a painstaking perusal of the evidence appearing in the record before us, and due consideration of the question whether or not the testimony above referred to as having been ruled out was competent, we hold without hesitation that this testimony was not admissible under the pleadings filed by the defendant; that he signally failed to make out his defense that there was a novation of the contract, whereby Bluthenthal & Bickart either agreed to rescind the sale or purchase the property from Trentham, allowing him what it was "reasonably worth;" and that, accordingly, a finding in favor of that firm upon this issue was demanded. He was given credit on the note for all save a small portion of the amount actually realized by Bluthenthal & Bickart in disposing of the property, and that firm admitted liability to account for all of the proceeds thereof. He assumed the burden of showing that, by virtue of an express agreement made after he became too sick to attend to the business, he was entitled to a credit of an amount equal to what the barroom, fixtures, and stock were "reasonably worth," irrespective of the sum actually realized from the sale thereof made by the firm. Failing to successfully carry this burden, he was not entitled to demand an accounting with Bluthenthal & Bickart either upon the theory that the firm was bound to credit him with a sum as large as that he had agreed to pay when he purchased the business, or upon the theory that, there being no express promise made at the time Bluthenthal & Bickart, with his consent, resumed charge of the bar fixtures and stock of liquors and cigars, the firm, acting on its own motion and not in the capacity of an agent in disposing of the property without consulting him, became liable to account to him for its full value. Indeed, the explanation volunteered by the plaintiff firm as to why Trentham was given credit on the note for the major portion of the money arising from a sale of the property was entirely gratuitous; for, until he sustained by proof the defense on which he mainly relied, that firm could hardly be called on to introduce any evidence at all, he having by his pleadings admitted a prima facie right

on its part to recover on the note upon which the suit was predicated. This being so, there is no force in the suggestion made by counsel for Trentham that the testimony excluded was at least admissible for the purpose of discrediting the witnesses for Bluthenthal & Bickart, who swore positively that he had expressly authorized that firm to act as his agent in disposing of the property at private sale and as advantageously as practicable, which was done in entire good faith and judiciously, with satisfactory results.

Nor is there any merit in the contention of counsel that the testimony ruled out was competent for the reason that it was sufficient to make out an implied promise on the part of Bluthenthal & Bickart to account to Trentham for the real value of the bar fixtures, etc., he had turned over to the firm at the time he surrendered possession of the barroom. This testimony, if credible, disclosed affirmatively that such was not the real truth of the matter, and was not offered with any view to proving any implied promise. Besides, there was no hint in the pleadings filed by the defendant below that he relied on any contract save that specifically set up, viz.: an express agreement, by way of novation, to so change the terms of the original contract as that Bluthenthal & Bickart, instead of accepting in full satisfaction of the debt the stock certificates and promissory note pledged as security, and thus permitting Trentham to become the absolute owner of the barroom, should resume ownership over it, allowing him a credit for what it was "reasonably worth" — not cancelling the debt or becoming the owners of the collateral security, but reserving the right to collect the debt in full and, to that end, realizing upon the security whatever amount was necessary to discharge any balance due after crediting Trentham with the full value of property surrendered by him. In a word, this case comes fully within the operation of the familiar rule that a defendant must stand or fall upon his defense as laid.

As Bluthenthal & Bickart admitted liability to account for the proceeds actually realized from the sale of the stock of liquors and other property disposed of, but had not credited Trentham with the full amount thus realized, he did in part sustain his plea that he did not owe the balance which that firm sought to recover by suit on the note. The auditor properly gave Trentham credit for so much of these proceeds as had not been accounted for, and should not, as the trial judge correctly held, have allowed the plaintiff

firm to recover any amount as attorney's fees.    See, in this connection, *Jones* v. *Harrell*, 110 *Ga.* 373, wherein it was ruled that· "Where a contract is sued upon which stipulates for the payment, of attorney's fees, and where of several pleas filed by the defendant one is sustained, the plaintiff is not entitled to recover any attorney's fees."

In one of the exceptions of fact which Trentham filed to the auditor's report, complaint was made that he allowed Bluthenthal & Bickart credit for an item of $6.65, entered as a charge against Trentham on the books of that firm, notwithstanding the evidence showed beyond dispute that he had paid cash for the whisky which was the subject-matter of such charge, and held a receipted bill therefor. We are satisfied, after examining the evidence touching this item, that the complaint just stated is well founded, and have accordingly given appropriate direction whereby the judgment of the court below may be so molded as to relieve Trentham of the evident hardship of having twice to pay for that which he can have but once enjoyed.

*Judgment on main bill of exceptions affirmed, with direction; on cross-bill affirmed. By four Justices. Candler, J., disqualified.*