### 1696. LIVINGSTON BROTHERS v. SALTER.

POWELL, J. 1. Where a suit is brought upon a promissory note providing for the payment of interest and attorney's fees, and the statutory notice prescribed by the act of 1900 as a condition precedent to the recovery of attorney's fees has been given, although the defendant sustains a plea of partial failure of consideration, there should be added, to the plaintiff's principal recovery, interest at the rate specified in the note, and attorney's fees calculated according to the amount found to be due.

2. Under the law prior to 1900, attorney's fees could not be recovered if the defendant sustained any of his pleas. Under the act of 1900, attorney's fees are awarded on a different basis, and a recovery of them depends upon the giving of the statutory notice. If the notice is duly given, the plaintiff may recover attorney's fees upon whatever portion of the total amount the jury finds in his favor. *Harris* v. *Powers*, 129 *Ga.* 87 (58 S. E. 1038).

3. Where the suit is based upon a note contracting for the payment of interest at the rate of eight per cent. after maturity, the judgment should bear interest at the same rate. *Cauthen* v. *Central Georgia Bank*, 69 *Ga.*

733 (3); *Daniel* v. *Gibson*, 72 *Ga.* 367 (53 Am. R. 845); *Neal* v. *Brockhan*, 87 *Ga.* 130, 134 (13 S. E. 283).

4. Although the defendant may sustain a plea of partial failure of consideration and cause the recovery to be diminished to a sum less than that originally claimed by the plaintiff, the judgment should include costs against him, unless he has made a valid continuing tender equal in amount to the sum found by the jury, and has duly filed a plea of tender.                                        *Judgment affirmed.*

Complaint, from city court of Leesburg—Judge Long. January 29, 1909.

Submitted March 11,—Decided June 29, 1909.

*W. G. Martin,* for plaintiffs in error.  *C. H. Beazley,* contra.