## DAVIS *v.* BOYD COMPANY.

An auctioneer may sue and recover his fee for auctioning property, although he may not have paid the occupation tax and registered as provided in the Civil Code (1910), §§ 923, 978.
JUNE 25, 1915.

Complaint. Before Judge Cox. Calhoun superior court. June 5, 1914.

*B. W. Fortson,* for plaintiff.

*Yeomans & Wilkinson* and *Clarence J. Taylor,* for defendant.

EVANS, P. J. The plaintiff contracted with the general manager of the defendant corporation to auction the sale of certain property belonging to the defendant, at an agreed price; and the action is to recover the amount alleged to be due under this contract. On the trial the plaintiff testified, that he was employed by the general manager of the defendant corporation, by virtue of a resolution of the directors and stockholders authorizing the general manager to make such contract; that he performed the service agreeably to the contract; and that the defendant had refused to pay for the same. He admitted that he had never been licensed as an auctioneer or registered as such. Upon the conclusion of his testimony the court granted a nonsuit on the ground that, "notwithstanding the evidence showed a contract on the part of the plaintiff with the defendant to perform the services, and that the defendant had refused payment according to the terms of its contract, yet the act

of the plaintiff in crying off the property of the defendant, as a matter of law, constituted the business of an auctioneer, and that the evidence showed that he had not registered his name or the business in which he was engaged with the ordinary as required by law, and therefore his contract was null and void and unenforceable in law." The plaintiff sued out a writ of error to the judgment of nonsuit.

In the general tax act for the raising of revenue a specific occupation tax is levied "Upon every person, firm, or corporation carrying on the business of an auctioneer, twenty-five dollars in each county in which they may auction the sale of property or carry on such business. Provided, that this section shall not be construed to apply to any administrator, executor, or guardian disposing by auction of the property of the estate or wards they represent, or to Confederate soldiers." Civil Code (1910), § 923. It is further provided that before any person shall be authorized to carry on any business upon which a special tax is laid, "they shall go before the ordinary of the county in which they propose to do business, and register their names, the business they propose to engage in, the place where it is to be conducted, and they shall then proceed to pay their tax to the collector. . . Any person failing to register with the ordinary, or, having registered, fails to pay the special tax required, shall be guilty of a misdemeanor," etc. § 978. From the recital in the bill of exceptions, the trial court held that the contract was void because of non-compliance with these sections. In this our learned brother on the trial bench was in error. The statute was passed for the purpose of raising revenue, and the failure to pay the tax or register will not invalidate a contract for services rendered in auctioning property. The matter has very recently been considered in the case of a real-estate agent, and the reasoning applicable to such agent applies with equal force to auctioneers. *Toole* v. *Wiregrass Development Company*, 142 *Ga.* 57 (82 S. E. 514). *Judgment reversed. All the Justices concur.*