NATIONAL BAUXITE COMPANY *v.* REPUBLIC MINING AND MANUFACTURING COMPANY *et al.; et vice versa.*

1. There was no error in overruling the exceptions to the auditor's finding as to partition, under parol agreement, of certain lands in controversy.
2. "An exception to an auditor's report, complaining of the admission of evidence, should set forth the evidence objected to."
3. If certain evidence which was admitted over objection was immaterial, as insisted, nevertheless it was not harmful to the complaining party and was not cause for the grant of a new trial.

FEBRUARY 24, 1917.

Exceptions to auditor's report. Before Judge Park. Wilkinson superior court. January 5, 1916.

The National Bauxite Company brought suit to recover a one-fourth undivided interest in a certain tract of land, and mesne profits, against the Republic Mining and Manufacturing Company and R. E. Briesnick. The case involved also an accounting between the parties, and was referred, under appropriate orders, to an auditor. The auditor, after a hearing, made and filed his report containing various findings upon the questions of law and fact, and a general finding that the plaintiff was not entitled to recover. The auditor found, in regard to the title, that there had been a partition of lands, with the consent of the life-tenant in possession of them, between the four children of the life-tenant; that each of the children took and held exclusively the parts awarded to them in severalty; and that the defendants acquired title to the land in controversy by purchase and conveyance; but, if they had not so acquired title, that they had acquired a good prescriptive title by twenty years adverse possession of the land. The plaintiff and the defendants filed exceptions to the auditor's findings of law and fact. The court sustained certain of the plaintiff's exceptions and overruled others; and overruled the exceptions filed by the defendants. The plaintiff by bill of exceptions brought the case here for review. Each of the defendants filed a cross-bill of exceptions to bring under review the rulings adverse to them. The other material facts appear in the opinion of the court.

*Maddox & Doyal* and *John S. Davis,* for plaintiff.

*DuPont Guerry, John P. Ross, L. D. Moore, Courtland Symmes,* and *George H. Carswell,* for defendants.

BECK, J. (After stating the foregoing facts.) In 1872 James E. Jackson executed a deed to his sisters, Harriet B. Jackson and Faithey C. Hunnicutt, conveying to them land lot 164 in the 4th land district of Wilkinson county. The conveyance to Faithey C. Hunnicutt created a life-estate in her, and at her death to her four children, Harriet, Walter, Rufus (J. R.), and Dora. The land lot was divided between Harriet B. Jackson and Faithey C. Hunnicutt, and under the division Harriet B. Jackson took possession of the southern half of the lot and Faithey C. Hunnicutt and children as remaindermen took as their part the northern half, Faithey Hunnicutt having a life-estate therein, with remainder over to her children. Both the plaintiff and the defendants trace their title to James E. Jackson as common grantor. The statement as to division of lot 164 is taken from a finding of the auditor not excepted to. The auditor also found that there had been a parol partition, between the children of Faithey C. Hunnicutt, of the northern half of lot 164, which Faithey C. Hunnicutt took in the division between herself and Harriet B. Jackson, which partition was made in pursuance of a parol agreement between Faithey C. Hunnicutt and her children. To the finding of the auditor that the partition and division of the land was valid, and vested the four children of Faithey C. Hunnicutt with title to the separate parcels of land into which the northern half of lot 164 was divided, the plaintiff excepted and says that it was without evidence to authorize it. This exception was overruled by the trial judge, and we think it was properly overruled. We agree with the finding of the auditor, that, "While there was some evidence that seemed to indicate that at certain times this possession [of the children of the life-tenant] was permissive on the part of the life-tenant, the preponderance of evidence shows that the division and possession was by direction and consent of the life-tenant for the purpose of placing the title of the property in her several children, and the division was ratified by Dora Daniel, a minor at the time of the division, after she arrived at majority." And if J. R. Hunnicutt, one of the children, was not of age at the time of the division and partition of the land in controversy, the uncontroverted evidence shows that he ratified, after becoming of age, the division that was made under the agreement and by the consent of the life-tenant.

Material evidence to establish the fact of the division and partition of the northern half of lot 164, as set forth above, was given by J. R. Hunnicutt, who was a witness at the hearing before the auditor. Relatively to the testimony of J. R. Hunnicutt the auditor noted the following objection to evidence offered by defendant: "Objection to and motion to rule out every question and answer of witness with reference to any agreement to partition this land, on the ground that he has sold a one-fourth interest in the property sued for to the plaintiffs, and is estopped from denying his own title; and also every question and answer made by the witness in reference to any statement of Faithey Hunnicutt, on the ground that she is dead, and he is incompetent to testify and is estopped from testifying to anything in derogation of his own title." To this ruling the plaintiff excepted as follows: "Plaintiff excepts to the ruling of the auditor as shown on page seven of his report, admitting the testimony of J. R. Hunnicutt over the objection of plaintiff's counsel as therein set forth, and for grounds of exception says: (*a*) That the said J. R. Hunnicutt conveyed to the plaintiff, National Bauxite Company, the interest in said property sued for, same being an undivided one-fourth interest therein, and that he is estopped from denying his own title to the property and is estopped from testifying to any fact showing, or tending to show, that he did not own the property at the time he made said deed. (*b*) That he is estopped from testifying to any fact or any action whatever in derogation of his own title to the property conveyed by him by warranty deed, to the plaintiff in this case. (*c*) For the evidence pertinent to this exception see the auditor's brief of evidence, page one, showing the deed from J. R. Hunnicutt and wife to National Bauxite Company, dated April 27th, 1909, conveying a one-fourth undivided interest in the seventy-five acres of land described in the petition; and the evidence of J. R. Hunnicutt, 39, 40, 41, and 42 of the auditor's brief of evidence." This exception to the ruling of the auditor upon the admission of evidence is incomplete and insufficient. The exception does not contain literally or in substance the evidence objected to, and it is not sufficient to refer this court to other parts of the record to ascertain what the evidence was. "An exception to an auditor's report, complaining of the admission of evidence, should set forth the evidence objected to." *Griffin* v. *Collins,* 125 *Ga.* 159 (53 S. E.

1004). "Assignments of error based on the ground that an auditor improperly overruled objections urged against the admission of evidence can not be considered unless the evidence objected to be set forth, either literally or in substance, in the exceptions filed to his report." *Trentham* v. *Bluthenthal & Bickart,* 118 *Ga.* 530 (2) (45 S. E. 421). This is also ruled in the case of *Rusk* v. *Hill,* 117 *Ga.* 722 (45 S. E. 42). This rule applies, of course, where the admission of evidence over objection is excepted to in motions for new trial, and scores of cases could be cited laying down the rule as applicable to grounds of a motion for a new trial. There is no reason why the rule should not prevail with all its strictness in cases of exceptions to the admission of evidence by an auditor. In fact there is reason for applying the rule more stringently there than in ordinary cases, because the records of cases referred to auditors are generally voluminous, and it would place an intolerable burden upon this court to compel the court to turn from one part of the record to another in order to render an exception complete.

What we have said in reference to the exception to the admission of the testimony of J. R. Hunnicutt applies also to the exceptions to the admission of the testimony of several other witnesses, and to the admission of a certain affidavit in evidence over objection. There was no attempt at all to set forth in the exceptions, either literally or in substance, the evidence alleged to be objectionable.

If the deeds conveying certain portions of the southern half of lot 164 were immaterial, as insisted by the plaintiff in error, because they do not embrace any of the lands in controversy, still their admission in evidence did not hurt the plaintiff in error.

The exceptions of the plaintiff in error not specifically referred to are without merit.

It follows from what is said above that the judgment of the court below is *affirmed* upon the main bill of exceptions; and the cross-bills of exceptions filed by the defendants will be *dismissed.*

*All the Justices concur, except Fish, C. J., absent.*