HILTON, receiver, *v.* HAYNES, receiver.

1. The motion to recommit the proceedings to the auditor involved a question of fact concerning which the court heard evidence; and it does not appear that the court erred in overruling the motion.
2. A motion to continue the trial of a case is addressed to the sound discretion of the trial court, and its judgment thereupon will not be reversed except where the discretion is flagrantly abused.
3. On exceptions of fact to an auditor's report, in equity cases, the court is not required to refer the exceptions to a jury, though this would be required in cases at law.
4. Where the September term of a superior court was adjourned until the 11th day of December, exceptions to an auditor's report which had been filed on the 13th day of November were ripe for a hearing; and the court did not err in refusing to postpone the hearing until the following term, or until after the expiration of forty days from the date of the filing of the report.
5. An exception to an auditor's report, complaining of the admission or exclusion of evidence, should set forth literally or in substance the evidence alleged to have been erroneously admitted or rejected.
6. Under the entire evidence, the court did not err in overruling the exceptions to the auditor's finding that the plaintiff was not entitled to recover.

No. 184.　FEBRUARY 25, 1918.

Equitable petition; intervention.　Before Judge Highsmith. Jeff Davis superior court.　December 15, 1916.

The State of Georgia through its attorney-general filed its petition against the Farmers State Bank, a banking corporation of Hazlehurst, Jeff Davis County (hereinafter referred to as the State Bank), showing that on February 3, 1914, this corporation placed its affairs and assets under the control of the State Bank Examiner. It was alleged in the petition that after investigation it was ascertained that the banking corporation could not resume business and liquidate its indebtedness.　The appointment of a receiver was prayed; and accordingly Haynes was appointed as receiver.　Subsequently A. P. Hilton, as receiver of the Bank of Rentz, presented his intervention, which he was allowed to file, and in which certain alleged indebtedness of the Farmers State Bank to the Bank of Rentz was shown, it being evidenced by notes (copies of which were attached to the intervention) aggregating about $11,000; and judgment was prayed for their amount.　They purported to have been executed in the name of the State Bank by George F. Armstrong Cashier.　The receiver of the State Bank demurred to the intervention, and the demurrer was overruled.　By plea and answer

it was alleged, that the notes were not the acts of the State Bank, for that George F. Armstrong was not authorized to execute them for and on behalf of the bank; that they were without consideration; that the Bank of Rentz paid no consideration therefor, and the State Bank had received no benefit therefrom. The issues thus made were referred to an auditor, who heard the case and, on November 13, 1916, filed his report containing his findings of law and of fact, together with the evidence taken in the case. Within twenty days from the filing of this report the intervenor filed exceptions of law and fact, which were overruled. The intervenor made a motion to recommit, which the court denied. He made a motion for a continuance,. and this also was overruled. He insisted that his exceptions of fact should be tried by a jury; the court ruled adversely to this contention, and, after the hearing, overruled all of the exceptions of law and of fact. To these rulings the intervenor excepted; and he assigned error upon the overruling of certain specified exceptions to the auditor's report.

R. D. *Flynt* and *Larsen & Crockett,* for plaintiff in error.

*J. Mark Wilcox* and *J. C. Bennett,* contra.

Beck, P. J. (After stating the foregoing facts.)

1. Upon the motion to recommit an issue of fact was raised, and the court heard evidence touching the same. Upon considering the evidence submitted upon this issue it does not appear that the court erred in refusing to recommit for another hearing by the auditor.

2. The motion to continue was based upon the ground that the leading counsel was absent. It was shown that the leading counsel was a judge of the city court in another county, and that on the day of the hearing he was holding the regular quarterly term of that court. Other retained counsel were present and participated in the trial. All applications for continuances are addressed to the sound legal discretion of the court, and, if not expressly provided for, shall be granted or refused, as the ends of justice may require. Civil Code, § 5724. "Illness or absence, from providential cause, of counsel where there is but one, or of the leading counsel where there are more than one, shall be a sufficient ground for continuance: Provided, the party making the application will swear that he cannot go safely to trial without the services of such absent counsel, and that he expects his services at the next term,

and that said application is not made for delay only." Civil Code, § 5718. It does not appear that the court abused its discretion in refusing a continuance. The discretion with which the court is invested in such matters will be interfered with only in extreme cases. *Sealy* v. *State*, 1 *Ga.* 213 (44 Am. D. 641) ; *Cotton States Life Insurance Co.* v. *Edwards, 74 Ga.* 220.

3. While the intervention in this case showed merely an alleged indebtedness upon certain promissory notes and prayed a judgment for that amount, nevertheless it was an intervention in a suit of an equitable nature, the original petition being of that character. Applying the rule that the intervenor takes the case as he finds it, we are of the opinion that the issue made before the auditor partook of the nature of the original case, and should be treated, as regards the hearing, as a case in equity; and that being true, the court was authorized to dispose of the exceptions of fact without the intervention of a jury. *Weed* v. *Railroad Co., 119 Ga.* 576 (46 S. E. 885) ; *Charleston &c. Railway Co.* v. *Pope, 122 Ga.* 577 (50 S. E. 374).

4. The auditor filed his report on November 13, 1916. On December 2, 1916, the motion to recommit was made, and this was overruled on December 11, 1916. The exceptions both of law and fact had been filed within twenty days after the filing of his report by the auditor. The regular September term of the superior court had been adjourned to the first Monday in December, 1916. But, as appears from the recitals in the bill of exceptions, when it came to the knowledge of the court that the report of the auditor had been filed just twenty days prior to that time, "it was ordered by the judge of that court that the adjourned term be postponed until the second Monday in December, that is until December 11th, in order that such exceptions as might be filed in the matter could then be passed upon by the court." The motion for a continuance was then made, and was overruled. Counsel for the intervenor then insisted that the exceptions to the auditor's report could not be tried and disposed of at the term of court then in session, the September adjourned term. The court ruled adversely to this contention, and called the matter up for hearing and disposed of it. We are of the opinion that it was competent for the court to rule the case to trial at that term. There is no statute providing in express terms when the exceptions to the report of an auditor in

cases like this shall be heard. But where the trial term of the main case is past, and the report of the auditor has been filed twenty days before the hearing, and exceptions have been filed, the case is ripe for trial. Counsel for the plaintiff in error have called attention to section 5136 of the Civil Code, relating to exceptions as to any matter not appearing on the face of the record or brief of evidence, or in the report itself, shall be certified to be true by the auditor within forty days after the report is filed; and where provisions are made for further steps in regard to such exceptions. The hearing in the present case was had within forty days of the filing of the report. We do not think that the provisions of the code section last referred to avail counsel for plaintiff in error here, as counsel did not suggest to the court that they intended to file exceptions as to any matters not appearing on the face of the record, or move for a postponement of the hearing that they might make such exceptions; nor is it made to appear here that there are such exceptions. Had they made such a motion, the overruling of it would have raised a different question from that we are now passing upon. *as to matters not in the record, where it is provided that exceptions*

5. There were numerous exceptions to the rulings of the auditor, as set forth in his report, upon the admission and exclusion of evidence. Many of these are not referred to in the brief of counsel for the plaintiff in error, and are therefore treated as abandoned. In those exceptions which are referred to in the brief of counsel the evidence alleged to have been erroneously admitted or excluded is not set forth either literally or in substance, and therefore the assignments of error are insufficient to raise a question for decision. This has been expressly ruled in several cases. *National Bauxite Co.* v. *Republic Mining &c. Co.*, 146 *Ga.* 530 (91 S. E. 781).

6. Under all the evidence in the case the judge was authorized to find against the exceptions of fact, and to sustain the findings of the auditor to the effect that the intervenor was not entitled to recover.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*