### 17745.   ALSTON v. NEW YORK CONTRACT PURCHASE CORPORATION.

1. Under section 2209 of the Civil Code of 1910, it is the "duty" of all corporations, whether domestic or foreign, doing business in this State, except those therein exempted, to make an annual return to the Secretary of State, embracing the information required by this section, and pay the fee prescribed by section 2210. The penalty for noncompliance with the provisions of this section is $50, as prescribed by section 2211, "provided, the Secretary of State shall have in his discretion authority to suspend

Appeal and Error, 3 C. J. p. 689, n. 41.
Corporations, 14a C. J. p. 344, n. 42 New; p. 1296, n. 94 New.

the penalty or issuance of fi. fas. when he shall be convinced that there has been no bad faith in failure to comply with the requirements of this Article." The act does not in any manner purport by its terms to prohibit a corporation from doing business in this State until it shall have filed the report and paid the fee prescribed. Accordingly, a corporation doing business in this State prior to making the report and paying such fee does not thereby violate the terms of the statute, the terms of the statute which in such a case it does violate being merely the requirement to file the report and pay the fee prescribed, which breach renders the corporation subject, within the discretion of the secretary of State, to the penalty imposed thereby. The penalty prescribed being all inclusive, and the corporation not being prohibited by such breach of duty from doing business within the State, its contracts are not rendered void by a failure to comply with the requirements mentioned. Nor does the failure on the part of the corporation to register with the comptroller-general and pay the tax required by the act approved December 19, 1923 (Ga. L. Ex. Sess. 1923, p. 20), known as the general tax act, render the contracts of the corporation void and unenforceable, since the purpose of the general tax act, as defined by its caption, is merely to raise revenue, and it can not be taken to impliedly nullify contracts made in the absence of a compliance with its provisions. *Toole* v. *Wiregrass Development Co.,* 142 *Ga.* 57 (82 S. E. 514); *Morris* v. *Moore,* 143 *Ga.* 512 (85 S. E. 635); *McLamb* v. *Phillips,* 34 *Ga. App.* 210 (129 S. E. 570).

2. Under the pleadings and the agreed statement of facts the defense of the defendant in the trial court was based solely upon the point that the plaintiff had failed to comply with the law referred to in the preceding division of the syllabus, "and the case was submitted to the court on the sole point as to whether or not the contract was valid or void" by reason of the breach of the duty imposed by such statutes. This being true, the question for determination is limited to the effect of the non-compliance with the provision of the statutes referred to, and no question is raised by the record involving the validity of the contract as affected by the laws and decisions of another State.

DECIDED MAY 11, 1927.

Certiorari; from Fulton superior court—Judge Howard. September 21, 1926.

*Candler, Thomson & Hirsch, W. B. Cody,* for plaintiff in error.
*D. H. McWilliam,* contra.

JENKINS, P. J. The New York Contract Purchase Corporation, as assignee of the National Electric Sales Company Incorporated, of Baltimore, Maryland, brought suit in the municipal court of Atlanta against Mrs. W. C. Alston for an amount alleged to be due under a contract between the assignor company and the defendant for the installation of certain electrical fixtures in her dwelling. The defendant answered, setting up that the contract was illegal, void, and of no effect, for the reason that the National

Electric Sales Company was not authorized to transact business within the State of Georgia according to the laws thereof. The trial judge in the municipal court found in favor of the defendant, and the plaintiff took an appeal to the appellate division of the municipal court. On the hearing before the appellate division of that court, a written agreement setting out the facts of the case was entered into, as follows: "All of the allegations in the petition filed by plaintiff in the trial court, appellant herein, were admitted as true by the defendant in the trial court, appellee herein. The defense of the defendant in the trial court, appellee herein, was based solely upon the point that the National Electric Sales Company, with whom the defendant had contracted for the work alleged to have been performed, had not applied to the Secretary of the State for a license to do business in the State of Georgia, nor had they made a statement to the Secretary of State setting forth the names of the incorporators, nor had they paid the taxes required of foreign corporations to authorize them to do business in the State of Georgia; this part of the defense of the defendant was admitted by the plaintiff as true, and the case was submitted to the court on the sole point as to whether or not the contract was valid or void by reason of the fact that the National Electric Sales Company Inc., of Baltimore, Maryland, failed to comply with the statute relative to foreign corporations, as above stated." On the hearing of the appeal, the appellate division of the municipal court affirmed the judgment of the trial judge; the plaintiff sued out certiorari, and the defendant now excepts to the judgment of the superior court sustaining the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*