20010. MANRY *v.* PHŒNIX MUTUAL LIFE INSURANCE COMPANY.

DECIDED DECEMBER 12, 1930.

STEPHENS, J. A judgment of affirmance in this case was rendered by this court on September 6, 1930, and a motion for a rehearing, made by the plaintiff in error, was denied September 26, 1930. See *Manry* v. *Phœnix Mutual Life Ins. Co.*, 42 *Ga. App.* 24. The Supreme Court, on October 24, 1930, refused a certiorari applied for by the plaintiff in error. He now asks leave to file an additional motion for rehearing, based upon the ground that the original judgment, in so far as it found an amount for attorney's fees as contracted for in the note sued on, was erroneous, and that this court in affirming that judgment overlooked certain decisions of the Supreme Court, and that this court's judgment of affirmance, in so far as it affirmed the judgment for attorney's fees, was erroneous, and in conflict with these decisions of the Supreme Court. The decisions which it is alleged were overlooked by this court are *Goodrich* v. *Atlanta National Building & Loan Asso.*, 96 *Ga.* 803 (22 S. E. 585), and *Jones* v. *Harrell*, 110 *Ga.* 373 (35 S. E. 690).

Whether or not this court has jurisdiction to entertain a motion for a rehearing at this stage, it is our opinion that the grounds of the tendered motion for a rehearing are without merit. In the cases relied upon by the plaintiff in error it was held that where, in a suit on a note which contains a provision for attorney's fees, the defendant prevails upon one of several pleas filed, there can not be a legal recovery of attorney's fees. Both of these decisions were rendered with reference to the act of 1891 (Ga. L. 1890-91, vol. 1, p. 221), which was codified in section 3667 of the Civil Code of 1895, and which provided that any contract in a promissory note to pay attorney's fees was void and unenforceable in any court "unless a plea or pleas be filed by the defendant and not sustained." By an amendment to this code section, in an act approved December 12, 1900 (Ga. L. 1900, p. 53), the provision, "unless a plea or pleas be filed by the defendant and not sustained," was stricken, and it was provided that a contract to pay attorney's fees was void and unenforceable "unless the debtor should fail to pay such debt on or

before the return day of the court," etc., as provided in section 4252 of the Civil Code of 1910. The cases relied upon by the plaintiff in error do not constitute an authoritative construction of the act of 1900 as codified in that section. While it is true that the decision in *Trentham* v. *Bluthenthal*, 118 *Ga.* 530 (45 S. E. 421), which was rendered since the passage of the act of 1900, referred to, announced the same rule as was announced in *Goodrich* v. *Atlanta National Building & Loan Asso.*, and *Jones* v. *Harrell*, supra, with reference to the act of 1891, that decision was based upon *Jones* v. *Harrell* as authority, and overlooked the fact that the portion of the act of 1891 referred to was repealed by the act of 1900. ·

The notes sued on provided for attorney's fees, and the plaintiff's petition alleged the statutory notice of intention to sue as required by section 4252 of the Civil Code of 1910. The evidence authorized the verdict for the principal. There is therefore nothing in the contention that the evidence is insufficient to support the verdict in so far as it finds for attorney's fees.

*Application denied.* *Jenkins, P. J., and Bell, J., concur.*