47483, 47484. WESLEY CHAPEL BUILDERS, INC. v. SOPIRO; and vice versa.

EVANS, Judge. Wesley Chapel Builders, Inc. sued William Sopiro on a promissory note, for principal, interest and attorneys' fees. It was alleged that the note was in default and that plaintiff had properly notified defendant in writing that the payment of attorneys' fees would be enforced. The defendant answered, admitting the execution and delivery of the note, which was in payment for the alleged construction of a house by plaintiff for defendant, pursuant to a contract between the parties. One of the defenses was that plaintiff was negligent in the performance of its contract to construct said house and had failed and refused to correct said defective performance or to complete the construction of said house, although defendant had requested plaintiff numerous times to do so. Defendant alleged the failure to perform in accordance with the contract was a failure of consideration, and the defendant is not liable to the plaintiff for the

payment of said note. A counterclaim was also filed by defendant seeking damages for the negligent performance of the contract in the amount of the expenses necessary to correct the situation brought about by the plaintiff.

The case proceeded to trial before the court without the intervention of a jury. After hearing the evidence and argument of counsel, the court rendered judgment in favor of plaintiff for the amount of principal upon said note, less the sum of $662 to replace kitchen carpeting and less the sum of $100 for payment of a water bill by defendant. Plaintiff appeals, contending the court erred in allowing credit to the defendant for the replaced carpeting; in allowing testimony as to a latent defect; and in failing to grant attorneys' fees and interest, which judgment he contends, was contrary to the law and evidence.

Defendant filed a cross appeal, contending the entire amount of the judgment allowed should have been set off by reason of the counterclaim in that the evidence conclusively showed that there were latent defects in the house which could not have been discovered by the exercise of ordinary care, and that plaintiff was not entitled to any judgment. *Held:*

1. The evidence disclosed that the defendant purchased a newly constructed house and lot from the plaintiff, and there was no contract of construction, but one for the purchase of realty. However, one of the special stipulations in the contract was as follows: "Seller agrees to replace the carpet in kitchen and family room area." There was some evidence that the carpeting in the kitchen was replaced *after* the closing of the sale contract for the purchase of the realty. Accordingly, the doctrine of caveat emptor would not apply here since this special stipulation of the contract did not merge with the deed when the sale was closed. See in this connection *Reynolds v. Wilson,* 121 Ga. App. 153 (b) (173 SE2d 256) and cits. The court did not err in reducing the note by

the amount of $662 cost of replacing the carpeting, inasmuch as there was evidence to support same.

2. The New Civil Practice Act, § 8 (*Code Ann.* § 81A-108 (c)), requires the defendant to plead fraud and misrepresentation affirmatively in defense of this action, which was not done. However, the court did allow evidence as to latent defects and as to a set-off of the $100 water bill. Thus, whether or not we determine that this evidence in effect amended defendant's answer, the court heard the case without the intervention of a jury, weighed all the evidence and rendered its judgment accordingly. We find no error in the judgment as to the principal awarded.

3. The statutory notice as to attorneys' fees was admittedly given in this instance. Numerous authorities can be found authorizing the payment of attorneys' fees where plaintiff recovers partial judgment, as well as cases which disallow attorneys' fees where one of the defenses of the defendant is sustained. See in this connection *Trentham v. Bluthenthal & Bickart,* 118 Ga. 530 (5) (45 SE 421); *Jones v. Harrell,* 110 Ga. 373 (6) (35 SE 690) as to attorneys' fees involved in notes. But the statutory law of attorneys' fees has since been changed. See *Livingston Bros. v. Salter,* 6 Ga. App. 377 (2) (65 SE 60); *Harris v. Powers,* 129 Ga. 74, 87 (58 SE 1038, 12 AC 475); *Smith v. Baker,* 137 Ga. 298 (2) (72 SE 1093); *Bryant v. McCrary,* 40 Ga. App. 685, 687 (151 SE 236). Accordingly, plaintiff was entitled to attorneys' fees on the unpaid balance of the note.

4. The court also erred in failing to allow judgment for interest due on the unpaid balance of the note.

The judgment is affirmed on the main appeal with direction that the court determine the amount of interest and attorneys' fees due, and add that amount to the judgment; otherwise, the judgment is reversed.

*Judgment affirmed with direction on main appeal; affirmed on cross appeal. Bell, C. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 7, 1972—DECIDED OCTOBER 20, 1972.

*McCord, Cooper & Voyles, Charles M. Voyles,* for appellant.

*McCurdy, Candler & Harris, Charles Rankin Hubert,* for appellee.