50576. CHILIVIS v. ROGERS OIL COMPANY.

WEBB, Judge.

1. In a suit by a gasoline retailer against the State Revenue Commissioner for a refund of sales taxes

illegally imposed as a "tax on a tax" contrary to *State v. Thoni Oil &c. Stations,* 121 Ga. App. 454 (174 SE2d 224) (Aff'd 226 Ga. 883 (178 SE2d 173)), a written notice on metered gasoline pumps reciting that the price being paid by the customer included all taxes is not conclusive on the question of whether the retailer itself paid the taxes by absorption. Compare *Blackmon v. Georgia Independent Oilmen's Assn.,* 129 Ga. App. 171 (198 SE2d 896) with *Blackmon v. Premium Oil Stations, Inc.,* 129 Ga. App. 169 (198 SE2d 900). *Montague Co. v. Somers,* 94 Ga. App. 860 (96 SE2d 629) is not applicable here.

2. There is abundant evidence in this 904-page transcript that the gasoline dealer paid the sales taxes on the motor fuel tax by absorption and was not merely a sales tax collector, and the jury verdict to this effect will not be disturbed.

3. Interest payable by the commissioner to the taxpayer on the refund from date of payment of the sales taxes to date of judgment is to be calculated at 6% per annum. Code Ann. § 92-8436. Generally interest on a judgment is to be calculated at 7% per annum from date of judgment until payment (Code § 57-108), but where the contract or note upon which an action is based specifies a different rate, the judgment thereon bears interest from the date of the judgment at the contract rate. *Cauthen v. Central Georgia Bank,* 69 Ga. 733 (3); *Daniel v. Gibson,* 72 Ga. 367, 369 (2) (53 AmRep 845); *Neal v. Brockhan,* 87 Ga. 130, 134 (13 SE 283); *Hartsfield Co. v. Demos,* 174 Ga. 43 (162 SE 138); *Livingston Bros. v. Salter,* 6 Ga. App. 377 (3) (65 SE 60). That being true relative to contracts, a fortiori it must also be true where the interest to be paid on a tax refund is prescribed by statute. Interest on the judgment in the case sub judice should be calculated at 6% per annum, and the judgment should be amended accordingly.

*Judgment is affirmed with direction that it be so amended by the trial court, otherwise it is reversed. Bell, C. J., and Marshall, J., concur.*

ARGUED MAY 5, 1975 — DECIDED MAY 27, 1975 — REHEARING DENIED JUNE 18, 1975 —

*Arthur K. Bolton, Attorney General, Gerald W. Bowling, Assistant Attorney General,* for appellant.

*Jones, Cork, Miller & Benton, Hubert C. Lovein, Jr., H. Jerome Strickland,* for appellee.

ON MOTION FOR REHEARING.

It is pointed out on motion for rehearing that various portions of the Sales and Use Tax Act, particularly Code Ann. § 92-9953, prohibit absorption of the sales tax by the seller. However, statutes imposing taxes and providing for their collection, when designed merely for revenue purposes and not for the protection of the public, do not impliedly nullify contracts made in contravention of their provisions. *Toole v. Wiregrass Development Co.,* 142 Ga. 57 (82 SE 514); *Davis v. Boyd Co.,* 143 Ga. 600 (85 SE 752); *Loyd v. Pollitt,* 144 Ga. 91 (86 SE 233); *Fletcher v. Armour Fertilizer Works,* 18 Ga. App. 139 (88 SE 916); *Southern Flour & Grain Co. v. Pillsbury Flour Mills Co.,* 29 Ga. App. 671 (116 SE 910); *Alston v. New York Contract Purchase Corp.,* 35 Ga. App. 777 (138 SE 270); *Strother v. Mutual Benefit Health & Accident Assn.,* 49 Ga. App. 811 (176 SE 84). Thus although there may be a penalty for absorbing the sales tax, and although the gasoline pump faces read "——— cents per gallon all taxes included," we nevertheless cannot discard the great weight of the evidence that Rogers Oil did, in fact, absorb the taxes.

*Judgment adhered to.*