A91A1041. ADC CONSTRUCTION COMPANY v. HALL.
(413 SE2d 522)

CARLEY, Presiding Judge.

Appellee-plaintiff brought suit to recover on a commercial account and, pursuant to OCGA § 7-4-16, sought pre-judgment interest on the unpaid balance at the rate of 1-½ percent per month. A jury trial resulted in a verdict in favor of appellee. The judgment that was entered on the jury's verdict contained no specific provision with regard to the rate at which post-judgment interest would accrue. In satisfaction of the judgment, appellant-defendant offered appellee an amount which, pursuant to OCGA § 7-4-12, reflected a post-judgment interest rate of 12 percent per year. Appellee refused appellant's tender and filed a "Motion For Issuance of Fi.Fa. Earning Interest At [The] Specified Rate" of 1-½ percent per month. The trial court granted appellee's motion and appellant appeals. See *Nodvin v. West,* 197 Ga. App. 92, 93 (1) (397 SE2d 581) (1990).

OCGA § 7-4-12 provides, in relevant part, that "[a]*ll judgments* in this state *shall* bear interest upon the principal amount recovered at the rate of 12 percent per year *unless* the judgment is rendered on a written contract or *obligation* providing for interest at *a specified rate,* in which case the judgment shall bear interest at the *rate specified* in such contract or obligation. . . ." (Emphasis supplied.) Appellee contends and the trial court found that, pursuant to OCGA § 7-4-16, a commercial account constitutes an "obligation" which provides for interest at a statutorily specified rate. However, this is an erroneous construction of OCGA § 7-4-16. "[T]he statute says merely that the commercial creditor *may* charge interest *if* the account is 30 days overdue at a rate *not in excess of* 1-½ % per month. Thus . . . , the creditor has an option to set whatever interest rate he wishes after default up to the limit specified. . . . [OCGA § 7-4-16 is properly construed] as *permitting* the creditor to charge an otherwise usurious rate of interest. . . ." (Emphasis in original.) *Prince v. Lee Roofing Co.,* 161 Ga. App. 181, 183 (3) (288 SE2d 135) (1982). Compare *Chilivis v. Rogers Oil Co.,* 135 Ga. App. 176, 177 (3) (217 SE2d 179) (1975) (construing the statutory specification of a *definite* pre-judgment interest rate in OCGA § 48-2-35 as mandating the equivalent post-judgment interest rate). It is the owner of the commercial account, acting unilaterally pursuant to the discretion granted him by OCGA § 7-4-16, and not any provision of OCGA § 7-4-16 itself, which controls both the recovery of pre-judgment interest and the rate thereof. Accordingly, a commercial account is *not,* by virtue of OCGA

§ 7-4-16, transformed into such an "obligation" as would come within the exception to the standard post-judgment interest rate of 12 percent per year that is established by OCGA § 7-4-12.

"[W]e [are] bound by the explicit 'all' and the mandatory word 'shall' in [OCGA § 7-4-12]. . . ." *Henley v. Mabry*, 125 Ga. App. 293, 295 (187 SE2d 309) (1972). Once the unpaid balance of a commercial account has been reduced to judgment, the account owner assumes the new capacity of a judgment creditor. In that new capacity, he is authorized, pursuant to OCGA § 7-4-12, to recover post-judgment interest at the standard rate of 12 percent per year, regardless of whether, in the exercise of the discretion granted to him in his former capacity as an account owner, he had sought no pre-judgment interest or pre-judgment interest at some rate within the maximum limit authorized by OCGA § 7-4-16. The trial court erred in holding otherwise. OCGA § 7-4-16 does not authorize appellee to recover *both* pre-judgment and post-judgment interest at the *same* rate. That statute would only permit appellee to recover *pre*-judgment interest at a rate which is "*greater* than the post-judgment rate" of 12 percent per year that "all judgments in this state shall bear" pursuant to OCGA § 7-4-12. (Emphasis supplied.) *Prince v. Lee Roofing Co.*, supra at 183 (3).

*Judgment reversed. Beasley, J., and Judge Arnold Shulman, concur.*

DECIDED DECEMBER 2, 1991.

*Richard A. Gordon*, for appellant.
*L. A. Paulk, Ainsworth G. Dudley, Jr.*, for appellee.