## A92A1098. DALCOR MANAGEMENT, INC. v. SEWER ROOTER, INC.
### (423 SE2d 419)

BEASLEY, Judge.

Attorney fees and interest are the issues of concern brought to this court.

Sewer Rooter sued to recover $31,019.31 on an account, plus interest, attorney fees and expenses of litigation for work it had performed in investigating and making emergency repairs to a broken sewer line on Dalcor's property. Dalcor's defense was that certain of the services were unauthorized or unnecessary and that the reasonable value is considerably less than the amount invoiced.

The trial court granted partial summary judgment to Sewer Rooter for services invoiced at $20,019.31, plus interest accruing 30 days from the date of each invoice pursuant to OCGA § 7-4-16, and 15 percent attorney fees under OCGA § 13-1-11. A factual question, whether the hauling away of 40 tank truck loads of sewage at $275 per load (total $11,000) was necessary and reasonable, was reserved for trial.

A bench trial yielded an award to Sewer Rooter of $7,100 for pumping and hauling sewage (reduced by $275 to accommodate a miscalculation in the summary judgment order), prejudgment interest of $7,054.62, and attorney fees of 15 percent of the principal. Both judgments are appealed.

1. Sewer Rooter's summary judgment motion was not accompanied by a "statement of each theory of recovery and of each of the material facts as to which the moving party contends there is no genuine issue to be tried," as required by USCR 6.5. Sewer Rooter supplemented its motion with a statement which set forth its theories of recovery but did not specify a claim for prejudgment interest and attorney fees. Dalcor contends that the lack of notice was prejudicial and that summary judgment should have been barred for these items.

"A plaintiff who is entitled to a summary judgment on a document establishing 'evidence of indebtedness,' within the meaning of OCGA § 13-1-11 (a) 'is also entitled to a judgment for attorney fees thereon.' [Cit.]" *Woods v. Gen. Elec. Credit Auto Lease,* 187 Ga. App. 57, 61 (2) (369 SE2d 334) (1988). Interest and attorney fees in connection with collection of the indebtedness were not separate "theories of recovery" as contemplated under Rule 6.5. Nor was respondent Dalcor deprived of notice that these damages were being sought since

they and their statutory bases were specified in the complaint. The failure to state those claims in " ' "a separate pleading resulted in no confusion or disadvantage to [respondent] in defending the motion." (Cit.)' " *Balke v. Red Roof College Park Co.*, 190 Ga. App. 779, 781 (3) (380 SE2d 61) (1989).

2. Dalcor contends that attorney fees were not authorized under OCGA § 13-1-11 because Sewer Rooter failed to comply with the notice requirements of OCGA § 13-1-11 (a) (3). It requires the holder or his attorney to "notify in writing . . . [the] party sought to be held on such obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that . . . the party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees." See *General Elec. Credit Corp. v. Brooks*, 242 Ga. 109 (242 SE2d 596) (1978).

Plaintiff Sewer Rooter's attorney provided written notice in a letter referencing each unpaid invoice and foregoing OCGA § 13-1-11 attorney fees if the indebtedness was paid within ten days of the letter's receipt. The fact that the demand was made in the name of the first corporate entity did not render the notice insufficient. That name appeared only on the first job invoice which, along with all other subsequent invoices on Sewer Rooter's forms was referenced in the demand letter.

Notice and the opportunity to pay without incurring attorney fees was also given in the complaint. See *Shier v. Price*, 152 Ga. App. 593, 595 (2) (263 SE2d 466) (1979). Notice requirements were satisfied as what was done instituted at least substantial compliance with OCGA § 13-1-11 (a) (3). See *Albany Prod. Credit Assn. v. Sizemore*, 175 Ga. App. 826 (334 SE2d 872) (1985).

3. Sewer Rooter was forced to place the matter in the hands of an attorney to collect on the invoices, the majority of which were not in dispute.

Dalcor nevertheless claims that an award of attorney fees was unauthorized because Sewer Rooter necessitated the litigation as a result of its own bad faith and stubborn litigiousness. It cites no legal basis to support its position that it is not bound by its contractual obligation for attorney fees. They were sought and properly awarded solely under OCGA § 13-1-11, not under OCGA § 13-6-11, which allows for recovery of bad faith expenses of litigation in a contract action "where the plaintiff has specially pleaded and has made prayer therefor. . . ." Bad-faith attorney fees are not in issue here.

4. Dalcor contends interest pursuant to OCGA § 7-4-16 should have been precluded because the damages were not liquidated.

"Prejudgment interest is allowable only where the amount recovered is liquidated, i.e., certain and fixed, 'a sum which cannot be

changed by the proof.' [Cit.]; OCGA § 7-4-15." *Marathon Oil Co. v. Hollis*, 167 Ga. App. 48, 51 (3) (305 SE2d 864) (1983). " 'A debt is liquidated when it is certain *how much is due* and when it is due. (Cit.)' [Emphasis in original.] [Cit.] In the absence of a liquidated demand, OCGA § 7-4-16 is inapplicable." *Typo-Repro Svcs. v. Bishop*, 188 Ga. App. 576, 579 (2) (373 SE2d 758) (1988).

The invoices covered by summary judgment were a due and payable liquidated debt on a commercial account, subject to prejudgment interest under OCGA § 7-4-16. See *American Aluminum Prods. Co. v. Binswanger Glass Co.*, 194 Ga. App. 703, 710 (391 SE2d 688) (1990).

However, the entire debt was not liquidated; the sewage removal charges were contested as unreasonable and adjusted. The award as to them was based by the court on the theory of quantum meruit. That amount owed was in dispute and changed by the proof. The amount claimed was rendered unliquidated by the defense, which contested value, so OCGA § 7-4-15 prejudgment interest was not authorized. Accord *Spears v. Allied Engineering Assoc.*, 186 Ga. App. 878 (2) (368 SE2d 818) (1988). Compare *Jordan Bridge Co. v. I. S. Bailey, Jr., Inc.*, 164 Ga. App. 124 (296 SE2d 107) (1982), where the amount due was uncertain only because of an offset rather than a challenge to the value of the debt itself.

The judgment is affirmed on condition that Sewer Rooter write off $7,054.62 improperly awarded as prejudgment interest under OCGA § 7-4-16; otherwise judgment reversed.

5. Appellee's motion for frivolous appeal damages is perforce denied.

*Judgment affirmed on condition. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 2, 1992.

*Smith & Fleming, Robert O. Fleming, Jr.*, for appellant.
*Jonathan Goldberg*, for appellee.