A98A1988, A98A1989. RALSTON v. CITY OF DAHLONEGA et al.;
and vice versa.
(512 SE2d 300)

POPE, Presiding Judge.

Mrs. W. I. Ralston sued the City of Dahlonega and the Georgia Department of Transportation for damages she alleged resulted when the City and the DOT contracted to build a by-pass within the vicinity of her husband's grave. Just prior to trial, the parties agreed to submit their dispute to binding arbitration. A hearing was held on August 13, 1997 and, on October 14, 1997, the arbitrator issued an award denying Ralston's claims for trespass, inverse condemnation, diminution of property value and damages due to water run-off. However, the arbitrator awarded $10,000 in damages to Ralston under OCGA § 51-12-6,[1] finding that intentional acts of DOT employees had caused her mental suffering and wounded feelings.

Subsequently, the City and the DOT filed an application with the trial court to modify in part and vacate in part the arbitrator's award, and Ralston filed an application to modify the award. The trial court granted the portion of the City's and the DOT's application seeking to modify the award of costs to bring it in line with the parties' prior agreement, but denied the remainder of the application. The trial court also denied Ralston's application. Both sides appeal.

1. "[T]he power of a court to vacate an arbitration award has been *severely limited* in order not to frustrate the legislative purpose of avoiding litigation by resort to arbitration. [Cit.]" (Emphasis in original.) *Haddon v. Shaheen & Co.*, 231 Ga. App. 596, 597 (1) (499 SE2d 693) (1998). The Georgia Arbitration Code provides that an

---

[1] OCGA § 51-12-6 provides, "In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened conscience of impartial jurors. In such an action, punitive damages under Code Section 51-12-5 or Code Section 51-12-5.1 shall not be awarded."

arbitration award shall be vacated where a court finds that the rights of a party were prejudiced by: "(1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping of the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; or (4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection." OCGA § 9-9-13 (b). The Supreme Court of Georgia has found that this provision must be strictly construed as it is in derogation of common law, and thus has held that these four statutory bases are the "exclusive grounds" for vacating an arbitration award. *Greene v. Hundley*, 266 Ga. 592, 594-595 (1) (468 SE2d 350) (1996).

The Code also clarifies that an award cannot be vacated merely because the relief granted in the arbitration award "could not or would not be granted by a court of law or equity. . . ." OCGA § 9-9-13 (d). Accordingly, "courts cannot inquire into the merits of an arbitrable controversy"; but must confine their review to the statutory grounds. *Haddon v. Shaheen*, 231 Ga. App. at 598. "Therefore, a reviewing court is prohibited from weighing the evidence submitted before the arbitrator, regardless of whether the court believes there to be sufficient evidence, or even any evidence, to support the award." *Greene v. Hundley*, 266 Ga. at 596-597 (3).

2. Similarly, the Code sets out limited and specific grounds for the modification of an arbitration award. Thus, an award shall be modified if "(1) There was a miscalculation of figures or a mistake in the description of any person, thing, or property referred to in the award; (2) The arbitrators awarded on a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or (3) The award is imperfect in a manner of form, not affecting the merits of the controversy." OCGA § 9-9-14 (b). This provision, too, must be strictly construed, and we find that the statutory bases of OCGA § 9-9-14 provide the exclusive grounds for the modification of an arbitration award. *Greene v. Hundley*, 266 Ga. at 594-595.

*Case No. A98A1988*

3. Ralston appeals from the trial court's denial of her application to modify the arbitration award. In her application, she argued that the award should be modified due to a "palpable mistake of law" and because the award was the result of accident or mistake. Specifically Ralston claimed that the arbitrator's $10,000 award under OCGA § 51-12-6 should be increased to $1 million and further argued that

the arbitrator's legal and factual findings regarding her claims for damage to her cemetery property were the result of accident or mistake. The trial court correctly found that Ralston's arguments did not present grounds for modifying an award under Georgia law as they are not among the bases listed in OCGA § 9-9-14.[2]

On appeal, Ralston asserts that the trial court erred in not *vacating* the award pursuant to OCGA § 9-9-13 (b) (3) because the arbitrator manifestly disregarded the law, overstepped his authority and "made such an imperfect execution of the Arbitration and the award that a final and definite award upon the subject matter submitted was not made because the award did not address every issue presented." However, Ralston never asked the trial court to vacate the arbitration award and never before raised any argument under OCGA § 9-9-13. Because Ralston never presented this argument to the trial court, we cannot consider it.[3] See *Chrison v. H & H Interiors*, 232 Ga. App. 45, 50 (2) (500 SE2d 41) (1998); *Siegrist v. Iwuagwu*, 229 Ga. App. 508, 511 (1) (494 SE2d 180) (1997).

Even if we were to consider Ralston's enumeration of error, her argument in support of the enumeration is simply a reworking of her argument below. Thus, it is still, in effect, an invitation to reconsider the merits of her claims, which this Court cannot do. See *Greene v. Hundley*, 266 Ga. at 594-595. Moreover, although she argues that the arbitrators overstepped their authority under OCGA § 9-9-13 (b), we have held: " 'Overstepping' like the other grounds for vacating arbitration awards is very limited in scope." " 'Overstepping' has been described as 'addressing issues not properly before the arbitrator.' " (Citations omitted.) *Haddon v. Shaheen*, 231 Ga. App. at 598 (1) (b). Because it is clear from the record that Ralston submitted all her claims against the City and the DOT to the arbitrator, it cannot be said that he overstepped his authority in ruling upon such issues.

Accordingly, we affirm the trial court's denial of her motion to modify the arbitration award.

### Case No. A98A1989

4. The City and the DOT appeal from the trial court's denial of their application to modify in part and vacate in part with regard to the portion of the arbitrator's award granting Ralston $10,000 in

---

[2] In fact, Ralston's argument that a palpable mistake of law will support the modification of an arbitration award is taken from language found in former OCGA § 9-9-11 to which Ralston cited, but which was repealed in 1988. Ga. L. 1988, p. 903.

[3] We note that Ralston argued below that the arbitrator "disregarded" certain legal concepts in support of her application to modify. On appeal, she has modified this language to argue a "manifest disregard of the law." This slight consistency in terminology does not change the fact that the relief she sought below is different from that she argues on appeal.

damages under OCGA § 51-12-6. They do not argue, however, that the award should have been vacated under any of the grounds contained in OCGA § 9-9-13. Rather, they assert that the trial court erred in denying their application because the award is contrary to public policy and also demonstrates the arbitrator's manifest disregard of the law. In light of the Supreme Court's holding in *Greene v. Hundley*, 266 Ga. at 594-595 (1), that the statutory grounds are the exclusive bases upon which an award can be vacated, it is unclear whether the City's and the DOT's arguments state any ground to vacate the award in this case. However, we need not decide that issue because we find that the City and the DOT have failed to establish either a breach of public policy or a manifest disregard of the law. See *Haddon v. Shaheen*, 231 Ga. App. at 599 (1) (b).

5. The City and the DOT first argue that the $10,000 award violated public policy because it constitutes an impermissible award of punitive damages against a governmental entity. In support of this argument, they rely upon cases holding that such an award of punitive damages is a violation of public policy. See *MARTA v. Boswell*, 261 Ga. 427, 428 (405 SE2d 869) (1991); *Hosp. Auth. of Clarke County v. Martin*, 210 Ga. App. 893 (438 SE2d 103) (1993). They also cite a case in which the Supreme Court stated that OCGA § 51-12-6 damages are, "at least in part, punitive damages." (Punctuation omitted.) *Westview Cemetery v. Blanchard*, 234 Ga. 540, 545 (B) (216 SE2d 776) (1975). Thus, the City and the DOT reason that if it is against public policy to award punitive damages against a governmental entity, and if damages awarded under OCGA § 51-12-6 are, at least in part, punitive, then it must also be against public policy to award § 51-12-6 damages against a governmental entity. We disagree.

The Supreme Court has never addressed the issue of whether an award of § 51-12-6 damages against a governmental entity would violate public policy. However, this Court has considered the issue and determined that such an award does not violate public policy. "Since there are several respects in which the damages allowable under OCGA § 51-12-6 are analogous to the punitive damages allowable under OCGA § 51-12-5, damages may not be awarded under both sections, lest a double recovery be permitted.[4] The damages awarded under OCGA § 51-12-6 are in part punitive, but also serve to compensate for the extent of the injury. Thus, as OCGA § 51-12-6 also provides for compensatory damages, the prohibition against awarding punitive damages against a municipality does not bar plaintiff's claim." (Citations omitted.) *Radford v. Mayor &c. of Savannah*, 194 Ga. App. 839, 840 (392 SE2d 23) (1990), rev'd on other grounds,

---

[4] OCGA § 51-12-6 was later amended to codify this principle. Ga. L. 1987, p. 915, § 6.

*Mayor &c. of Savannah v. Radford*, 261 Ga. 129, 131 (1) (401 SE2d 709) (1991).

We agree with this holding and find that the award of $10,000 to Ralston under OCGA § 51-12-6 did not violate public policy.

6. The City and the DOT also assert that the arbitrator manifestly disregarded the law of sovereign immunity when he awarded $10,000 in damages for what they argue were discretionary acts by DOT employees. OCGA § 50-21-24 (2). They also point to OCGA § 50-21-24 (10), which absolves governmental entities of liability resulting from "the plan or design for construction of or improvement to highways, roads, streets, bridges, or other public works where such plan or design is prepared in substantial compliance with generally accepted engineering or design standards in effect at the time of preparation of the plan or design." However, the City and the DOT never raised this argument before the trial court in connection with their application to vacate or modify the arbitration award. Where an argument is neither raised nor ruled upon below, we will not consider it for the first time on appeal. *Chrison v. H & H Interiors*, 232 Ga. App. at 50 (2); *Siegrist v. Iwuagwu*, 229 Ga. App. at 511.

Even if we were to consider the issue, we find that the City and the DOT have failed to establish that the arbitrator manifestly disregarded the law. The manifest disregard of the law argument dates back to a 1990 decision in which this Court noted its agreement with the general rule under federal arbitration law that "an arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard of the law." *Bartlett v. Dimension Designs*, 195 Ga. App. 845, 848 (3) (395 SE2d 64) (1990), overruled on other grounds, *Pace Constr. Corp. v. Northpark Assocs.*, 215 Ga. App. 438, 439 (450 SE2d 828) (1994). See *French v. Merrill Lynch &c., Inc.*, 784 F2d 902 (3), (4) (9th Cir. 1986).

The federal decisions have held that if a court is to vacate an arbitration award because arbitrators manifestly disregarded the law, "there must be some showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it." *O.R. Securities v. Professional Planning Assoc.*, 857 F2d 742, 747 (6) (11th Cir. 1988). Therefore, "[t]o manifestly disregard the law, one must be conscious of the law and deliberately ignore it." *Montes v. Shearson Lehman Bros.*, 128 F3d 1456, 1461 (7) (11th Cir. 1997). To establish a manifest disregard of the law, then, "a party must show (1) that the error is so obvious that it would be readily and instantly perceived by [the] typical arbitrator, and (2) that the arbitrator was subjectively aware of the proper legal standard but proceeded to disregard it in fashioning the award." (Citation and punctuation omitted.) *Raiford v. Merrill Lynch &c., Inc.*, 903 F2d 1410, 1412 (2) (11th Cir. 1990). Accordingly, merely objecting to the

results of an arbitration is not sufficient under this ground. *O.R. Securities v. Professional Planning Assoc.*, 857 F2d at 747. Nor can arbitrators be reversed for errors or misinterpretations of the law. *Montes v. Shearson Lehman Bros.*, 128 F3d at 1460 (6).

In this instance, not only did the City and the DOT fail to raise the issue of sovereign immunity before the trial court, there is no evidence that they even argued the issue before the arbitrator. No transcript exists of the arbitration proceeding, and nothing in the arbitration record indicates that the City and the DOT argued the issue of sovereign immunity before the arbitrator or cited the pertinent Code sections to him.[5] Accordingly, where no indication exists that the parties presented this issue to the arbitrator, there can be no finding that the arbitrator "knew the law[, but] expressly disregarded it." *O.R. Securities v. Professional Planning Assoc.*, 857 F2d at 747. Compare *Montes v. Shearson Lehman Bros.*, 128 F3d at 1461-1462 (9) (where party cited controlling statutory law, but urged arbitrator to ignore it).

Therefore, we affirm the trial court's denial of the City's and the DOT's application to vacate the $10,000 award to Ralston.

*Judgments affirmed in Case Nos. A98A1988 and A98A1989. Beasley, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 10, 1999.

*Allen W. Bodiford, John L. Watson, Jr.*, for appellant.
*McClure, Ramsay & Dickerson, John A. Dickerson, Elizabeth F. Moore, James D. Parks*, for appellees.

---

[5] While page 2 of the parties' pre-trial order does indicate that the City and the DOT had a motion pending before the trial court on the issue of sovereign immunity, nothing in the record indicates that they presented a similar motion to the arbitrator.