A01A1590. JEFFERSON RANDOLPH CORPORATION et al.
v. PROGRESSIVE DATA SYSTEMS, INC. et al.

(553 SE2d 304)

ELDRIDGE, Judge.

This is an appeal from the confirmation of an arbitration award made by the American Arbitration Association ("AAA") against Jefferson Randolph Corporation d/b/a JRC Trucking, Inc. and Thurman Carpets, Inc., plaintiffs, for Progressive Data Systems, Inc., William A. Crozier, Jr., and Thomas G. Taylor, defendants, based on their counterclaims. Plaintiffs contend that the trial court erred in confirming an award when the arbitrator overstepped his authority and entered an award on issues not submitted to him, granted OCGA § 9-15-14 attorney fees without identifying conduct authorizing the award, awarded postjudgment interest at 18 percent on the entire principal, and awarded prejudgment interest on the principal arbitrator's award. We agree and reverse.

Jefferson Randolph Corporation d/b/a JRC Trucking ("JRC") is in the business of hauling carpet inventory for carpet manufacturers but also sold carpet products through its sister corporation Thurman Carpets ("Thurman"). On May 24, 1996, under an Equipment Sales, Software License, and Service Agreement, JRC bought computer software and hardware from Progressive Data Systems ("PDS") for $167,935.26, which it paid in full, to track the movement of its trucks with inventory and to process the various carpet transactions in which Thurman was involved. The basic software deliverable had a distribution modification that required customization to perform

order entry, inventory, and purchasing; however, 15 months after the Agreement was entered into, PDS had not delivered a completed distribution modification under the contract.

JRC came to believe that Crozier and Taylor, principals of PDS, had made false and untrue representations concerning the work that they would perform as to timely performance, contract services, and features. JRC gave notice of its rescinding the Agreement.

On April 22, 1999, JRC sued to rescind the Agreement and for fraud. The defendants answered, counterclaimed, filed a motion to dismiss for failure to have an indispensable party, Thurman, and moved to stay and compel arbitration under the contract under the Federal Arbitration Act. JRC added Thurman as an additional plaintiff.

Initially, JRC opposed arbitration, because Thurman, Crozier, and Taylor were not parties to the Agreement requiring arbitration and were not bound to arbitrate. Subsequently, JRC and the other parties agreed to arbitration, but the parties could not agree upon the issues to submit to arbitration. On December 8, 1999, the trial court ordered the parties to proceed to arbitration "pursuant to the terms of the arbitration provisions included in the contract between the parties." PDS initiated a demand for arbitration before the AAA.

On July 26 and 27, 2000, at the arbitration hearing, PDS made claims only for the unpaid software license fees and all future licensing fees as liquidated damages, prejudgment interest at the rate of 1.5 percent per month on the accelerated future licensing fees, and expenses of litigation. At the direction of the arbitrator, PDS revised and sought additional damages. JRC and Thurman sought rescission of the Agreement and recovery of consequential damages. PDS never terminated the Agreement nor sent JRC an invoice and demand for the accelerated future invoice payments for eighteen years and three months as liquidated damages.

On August 18, 2000, the arbitrator entered an award against JRC and Thurman and for the defendants on their counterclaims in the amount of $81,540 in compensatory damages, which did not disclose what were consequential damages and prejudgment interest; $64,875 in attorney fees; $2,487 in administrative fees and expenses; and $1,782.99 in expenses and compensation of the arbitrator totaling $150,685. The attorney fees were not differentiated as to what was incurred to collect the future license fees, what had been incurred in defense to plaintiffs' case, and what was reasonable for prosecuting the counterclaim.

PDS moved for the trial court to confirm the award. The plaintiffs moved to vacate or modify the award, because the arbitrator exceeded his authority and made an award as to issues not submitted to him. On February 12, 2001, the trial court confirmed the award.

On the same date, the trial court entered a final judgment for such award and further awarded the defendants on their counterclaim "post-award prejudgment interest" in the amount of $12,261.22 on the gross sum of $150,685 and "additional attorney's fees" of $5,000 without any findings of fact or conclusions of law or any hearing, and postjudgment interest on $150,685 at 18 percent per year.

1. Plaintiffs contend that the trial court erred in confirming the arbitrator's award, because he "overstepped his authority." We agree.

Under Section 3.15 of the Agreement, PDS was entitled to damages:

> Upon the occurrence of an Event of Default, Vendor may (1) terminate this Agreement and invoke all rights Vendor possesses upon termination and (2) if Customer remains liable for any monetary obligation created under this Agreement, accelerate and declare all obligations of Customer as a liquidated sum and proceed against Customer in any lawful way for satisfaction of such sum, or repossess as much of the System as remains in Customer's possession.

Prior to suit, PDS never terminated the Agreement, which would have been a useless act, because JRC had already given notice of the rescission of the Agreement and ceased to use the system. However, JRC had fully paid $167,935.26, the cost of the system, as well as the $7,500 a year licensing fee; on January 8, 1998, after termination of the Agreement, JRC ceased to pay the annual fees owed under the contract for eighteen years and three months, which PDS sought as compensatory damages in its counterclaim. PDS never sent JRC an invoice or demand to pay the accelerated future license fees for eighteen years and three months prior to suit. From the time of the termination notice until the time of the arbitrator's award, approximately 27 months of license fees had been unpaid and 16 future years of license fees had not accrued, absent an acceleration of the obligation as liquidated damages. By PDS' claim for damages, it sought $7,500 as nominal damages under the breach of confidentiality provision. The rest of PDS' damages were claims for the liquidated damages of $136,875, prejudgment interest of 1.5 percent per month, and attorney fees.

The arbitrator correctly found in his award that the liquidated damages provision of Section 3.15 was a penalty under OCGA § 11-2-718, regarding liquidated damages; plaintiffs brought this Code section to the arbitrator's attention prior to the award. The $7,500 for breach of confidentiality as nominal damages would have been appropriate damages in the absence of consequential damages. OCGA § 13-6-6; *Crawford & Assoc. v. Groves-Keen, Inc.*, 127 Ga. App.

646, 650 (1) (194 SE2d 499) (1972). However, nominal damages are not recoverable when the claimant seeks and recovers special damages, as well as nominal damages. See *Bennett v. Associated Food Stores*, 118 Ga. App. 711, 716 (2) (165 SE2d 581) (1968). The only other contract damages that were owed at the time of the award were license fees for the 27 months at $7,500 a year plus prejudgment interest. Therefore, contract damages of $81,540 are unsupported by any evidence and must be in whole or in part attributable to liquidated damages for the future licensing fees, as well as prejudgment interest on an alleged commercial account that constituted accelerated future lost income.

(a) In this case, the arbitrator, by denominating the acceleration of future license fees as a penalty rather than recoverable liquidated damages, correctly recognized that, under Georgia law and public policy, liquidated damages are a penalty to deter a breach of contract, where the liquidated damages are unreasonable and there is no difficulty ascertaining future damages. OCGA §§ 11-2-718 (1); 13-6-7; *AFLAC, Inc. v. Williams*, 264 Ga. 351, 354 (2) (444 SE2d 314) (1994); *Carter v. Tokai Financial Svcs.*, 231 Ga. App. 755, 758-759 (2) (500 SE2d 638) (1998). For a liquidated damages clause to be enforceable in Georgia, such damages must demonstrate: (1) that the injury caused by the breach must be difficult or impossible of estimation; (2) that the parties must intend to provide for damages; and (3) that the sum stipulated must be a reasonable pre-estimate of the probable loss. *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340) (1976); *Oasis Goodtime Emporium I v. Cambridge Capital Group*, 234 Ga. App. 641 (507 SE2d 823) (1998); *Wehunt v. ITT Business Communications Corp.*, 183 Ga. App. 560 (359 SE2d 383) (1987). Where, as here, both liquidated and other damages are recoverable under the Agreement, the liquidated damages are an unenforceable penalty. *Southeastern Land Fund v. Real Estate World*, supra at 228. As in this case, where half of a long-term retainer fee is treated as liquidated damages, such provision is unenforceable as a penalty to deter termination. *AFLAC, Inc. v. Williams*, supra at 354. Here, the liquidated damages are all the future license fees without reduction for expenses or for present cash value and interest imposed as if it were a past due debt instead of accelerated future fees, not yet earned. Future economic loss of earnings must be reduced to present cash value, since the fees have not been earned. See generally OCGA § 51-12-13; *Chouinard v. City of East Point*, 237 Ga. App. 266, 270 (5) (b) (514 SE2d 220) (1999); *Crosby v. Spencer*, 207 Ga. App. 487, 488 (2) (428 SE2d 607) (1993). If liquidated damages are recoverable, then the parties cannot elect between liquidated and actual damages; prejudgment interest would be actual damages. OCGA §§ 7-4-16; 13-6-13; *Southeastern Land*

*Fund v. Real Estate World*, supra at 230. Where there is a loss of future business earnings, this is a recovery for lost future profits after the projected expenses of earning the projected revenue has been deducted and not the recovery of the gross revenue collected, because the claimant is not permitted to recover expenses never incurred, putting him in a better position than if the contract had been performed. *Pounds v. Hosp. Auth. of Gwinnett County*, 197 Ga. App. 598, 599 (1) (399 SE2d 92) (1990); *City of Atlanta v. J. A. Jones Constr. Co.*, 195 Ga. App. 72, 75 (3) (392 SE2d 564) (1990), rev'd on other grounds, 260 Ga. 658 (1) (398 SE2d 369) (1990).

Interest on a commercial account cannot be recovered absent an invoice and demand for payment prior to suit, causing the sum to become due and payable, and the opportunity to pay to avoid the imposition of such interest. "In the absence of a liquidated demand, OCGA § 7-4-16 is inapplicable." *Typo-Repro Svcs. v. Bishop*, 188 Ga. App. 576, 579 (2) (373 SE2d 758) (1988); see also *Dalcor Mgmt. v. Sewer Rooter*, 205 Ga. App. 681, 682-683 (4) (423 SE2d 419) (1992). Defendant never rendered an invoice for a liquidated claim due by the plaintiff as a liquidated demand prior to suit, but sued for breach of contract for future damages, which it sought to accelerate under the Agreement and which was contested. As such, the claim was not for a commercial account, allowing prejudgment damages, but a breach of contract action only. See OCGA § 7-4-16; *Dalcor Mgmt. v. Sewer Rooter*, supra at 683; see also *Trebor Corp. v. Nutmeg Indus.*, 208 Ga. App. 697, 698 (1) (431 SE2d 402) (1993). As a breach of contract action only, PDS was entitled to prejudgment interest only from the time of the award of the arbitrator. See *Southern Water Technologies v. Kile*, 224 Ga. App. 717, 720 (4) (481 SE2d 826) (1997); *Hayden v. Sigari*, 220 Ga. App. 6, 11 (8) (467 SE2d 590) (1996).

(b) In entering his award, the arbitrator manifestly disregarded the law, regarding penalties, which he expressly recognized by identifying the damages as a penalty and not liquidated damages; thus, he did not merely erroneously interpret the law. See *Montes v. Shearson Lehman Bros., Inc.*, 128 F3d 1456 (11th Cir. 1997).

While PDS invoked arbitration under the Federal Arbitration Act, which the Agreement did not specify, all the parties who were not bound by the Agreement subsequently agreed in court to submit to this arbitration; thus, such agreement to arbitration would appear to be under the Georgia Act rather than the Federal Arbitration Act. OCGA § 9-9-1 et seq.; *Greene v. Hundley*, 266 Ga. 592, 594 (1) (468 SE2d 350) (1996); *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 236-237 (4) (335 SE2d 708) (1985). However, we do not have to decide such issue, because Georgia courts will not confirm an arbitration award that constitutes a manifest disregard of the law applicable under the Federal Arbitration Act. *Ralston v. City*

*of Dahlonega,* 236 Ga. App. 386, 390-391 (6) (512 SE2d 300) (1999); *Bartlett v. Dimension Designs,* 195 Ga. App. 845, 848 (395 SE2d 64) (1990), rev'd on other grounds, *Pace Constr. Corp. v. Northpark Assn.,* 215 Ga. App. 438, 439 (450 SE2d 828) (1994).

Where an arbitration occurs under the Federal Arbitration Act, if the arbitrator manifestly disregarded the law, i.e., that he was conscious of and deliberately ignored the law, then Georgia courts will not confirm such arbitration awards. *Ralston v. City of Dahlonega,* supra at 391.

(c) The trial court erred in confirming the award where the arbitrator overstepped his authority by manifestly disregarding the statute regarding penalties. OCGA § 9-9-13 (b) (3); *Greene v. Hundley,* supra at 596 (3); *Mid-American Elevator Co. v. Gemco Elevator Co.,* 183 Ga. App. 88, 89 (357 SE2d 838) (1987).

2. The plaintiffs contend that the trial court erred in confirming the arbitration award, because the arbitrator entered an award on a matter that was not submitted to him. Plaintiffs failed to reference the record or give citation of authority, regarding this enumeration of error. Under Court of Appeals Rule 27 (c), such enumeration is deemed abandoned.

3. Plaintiffs contend that the trial court erred in awarding attorney fees incurred in responding to plaintiffs' motion and application to vacate and/or modify the arbitration award. We agree.

While the trial court has broad discretion to award attorney fees and expenses of litigation under OCGA § 9-15-14, the trial court must include in its award findings of conduct authorizing such award or the order must be vacated. *Porter v. Felker,* 261 Ga. 421, 422 (3) (405 SE2d 31) (1991); see also *City of Cumming v. Realty Dev. Corp.,* 268 Ga. 461, 463 (2) (491 SE2d 60) (1997); *Coker v. Mosley,* 259 Ga. 781, 782 (2) (c) (387 SE2d 135) (1990). Thus, the award of attorney fees by the trial court is vacated because no findings as to conduct were made in the judgment.

4. Plaintiffs contend that the trial court erred in awarding postjudgment interest at 18 percent per annum on the principal amount of the award. We agree.

Under Georgia law, 12 percent is the rate of interest, even on commercial accounts, unless the judgment is entered on a written contract, providing for interest at a greater specified rate. OCGA § 7-4-12; *ADC Constr. Co. v. Hall,* 202 Ga. App. 119, 120 (413 SE2d 522) (1991). While Section 1.2 provides that "[e]quipment shall be shipped freight collect or billed according to PDS's standard rates [and that] Customer will pay a late charge at 1.5% per month, but not to exceed the lawful maximum interest rate, on the unpaid balance," such Agreement provision did not apply to the accelerated future license fees as an exception to OCGA § 7-4-12. From its plain and unambigu-

ous terms, this provision setting the rate of 1.5 percent per month applied to the initial contract price only. *Sellers v. Nodvin*, 207 Ga. App. 742, 747-748 (4) (429 SE2d 138) (1993); *Chilivis v. Rogers Oil Co.*, 135 Ga. App. 176, 177 (3) (217 SE2d 179) (1975). The Agreement, under Section 1.2, only provides for interest for unpaid equipment charges; therefore, since JRC paid all equipment and software charges except 27 months of license fees prior to the acceleration of all future fees, then the Agreement provided no interest rate exception under these facts and circumstances of this case. OCGA § 7-4-12. Thus, the statutory rate controls, and the trial court erred in using any other rate of interest. Further, since the arbitrator returned a gross sum which was not differentiated by consequential damages and interest, any interest awarded would be interest upon interest.

5. Plaintiffs contend that the trial court erred in awarding the defendants post-award prejudgment interest on the principal amount of the award. We agree.

Defendants sought to recover interest on the accelerated payment of future licensing fees as liquidated damages before the arbitrator. The arbitrator's award was a gross sum and not separated into damages and prejudgment interest. Interest cannot be recovered upon interest, as the trial court appears to have granted. See *State Hwy. Dept. v. Godfrey*, 118 Ga. App. 560, 561 (2) (164 SE2d 340) (1968); see also *Hubbard v. McRae*, 95 Ga. 705, 707 (22 SE 714) (1895).

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Miller, J., concur.*

DECIDED JULY 31, 2001 — 

*Michael A. Dailey*, for appellants.
*Peter H. Strott*, for appellees.