### S01G1765. PROGRESSIVE DATA SYSTEMS, INC. et al.
### v. JEFFERSON RANDOLPH CORPORATION et al.
(568 SE2d 474)

THOMPSON, Justice.

We granted a writ of certiorari to the Court of Appeals in *Jefferson Randolph Corp. v. Progressive Data Systems*, 251 Ga. App. 1 (553 SE2d 304) (2001), to determine whether an arbitration award can be vacated because of the arbitrator's "manifest disregard of the law." The answer is "no."

Progressive Data Systems ("PDS") sold computer equipment and software to Jefferson Randolph Corporation ("JRC"). After the equipment was delivered, JRC sued to rescind the sales agreement and for fraud. PDS sought arbitration and counterclaimed for unpaid software licensing fees and future fees. The arbitrator entered an award on PDS's counterclaim for compensatory damages in the amount of $81,540, plus attorney fees, administrative fees and expenses. The trial court confirmed the award and added "post-award prejudgment interest" and "additional attorney fees" to it. JRC appealed and the Court of Appeals reversed, holding, inter alia, that the arbitrator manifestly disregarded the law because, although he recognized that damages for future license fees are to be treated as liquidated damages and an unenforceable penalty, he awarded damages anyway.

In *Greene v. Hundley*, 266 Ga. 592 (468 SE2d 350) (1996), this Court ruled that the four statutory grounds for vacating an arbitration award are exclusive. That is to say that to vacate an award of arbitration, the applying party must show that its rights

> were prejudiced by: (1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping of the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; or (4) A failure to follow the procedure of this [Code], unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection.

OCGA § 9-9-13 (b).

Thus, under *Greene*, an arbitration award can be vacated in *only* one of four statutory ways. See *Ralston v. City of Dahlonega*, 236 Ga. App. 386 (512 SE2d 300) (1999) (review must be confined to the four statutory grounds). That is because the Georgia Arbitration Code is in derogation of the common law and must be strictly construed. *Greene*, supra at 594.

Inasmuch as the Code does not list "manifest disregard of the law" as a ground for vacating an arbitration award, it cannot be used as an additional ground for vacatur. Nor can it be said that a "manifest disregard of the law" fits within the framework of the third statutory ground listed above — overstepping of the arbitrator's authority. That ground only comes into play when an arbitrator determines matters beyond the scope of the case. *Threatt v. Forsyth County*, 250 Ga. App. 838, 841 (552 SE2d 123) (2001) (citing *Haddon v. Shaheen & Co.*, 231 Ga. App. 596 (499 SE2d 693) (1998)). It is not applicable where, as here, the issue to be decided, i.e., damages, is properly before the arbitrator.

Because the federal arbitration law closely mirrors the statutory grounds set forth in our Arbitration Code, we examine its provisions.[1] We note that the federal law provides several statutory grounds for vacating an arbitration award and that "manifest disregard of the law" is not one of them. Nevertheless, the federal courts cite "manifest disregard of the law" as a ground for vacatur. See, e.g., *NCR Corp. v. Sac-Co.*, 43 F3d 1076, 1079 (6th Cir. 1995).

In the main, the federal courts do not rely upon the provisions of the federal arbitration statute to justify using the "manifest disregard of the law" principle. To the contrary, that principle is widely recognized as being nothing more than a non-statutory creation of the federal courts. See *Carte Blanche (Singapore) v. Carte Blanche (Intl.)*, 888 F2d 260, 265 (2nd Cir. 1989) ("manifest disregard of the law" is a judicially created ground for vacatur of an arbitration award; it is not to be found in the federal arbitration law).

Our legislature set forth four statutory grounds for vacating an arbitration award. Significantly, it did not include "manifest disregard of the law" as one of those grounds. Whatever the merits of the "manifest disregard of the law" principle, we should not be so bold as to *judicially* mandate its use as an additional ground for vacatur, especially since, as noted above, our Arbitration Code is in derogation of the common law and must be strictly construed.

*Judgment reversed. All the Justices concur, except Hunstein and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

"[A]n arbitration award may be vacated only if one or more of the four statutory grounds set forth in [OCGA] § 9-9-13 (b) is found to

---

[1] The federal law allows a court to vacate an arbitration award where the award was procured by "corruption" or "fraud"; where the arbitrators demonstrated "partiality"; "where the arbitrators were guilty of misconduct" or "other misbehavior" causing prejudice to the rights of any party; "where the arbitrators exceeded their powers" in such a way "that a mutual, final, and definite award upon the subject matter submitted was not made." 9 USCA § 10 (a).

exist." *Greene v. Hundley*, 266 Ga. 592 (468 SE2d 350) (1996). I strongly believe that the grounds set forth in that statute implicitly incorporate the concept of "manifest disregard of the law." Moreover, even if we were to construe OCGA § 9-9-13 (b) as not including that principle, I submit that "manifest disregard of the law" still constitutes a valid basis for vacating an arbitration award because, under such a construction, the holding in *Greene* would be unduly restrictive. Therefore, I respectfully dissent.

1. While, the words "manifest disregard of the law" do not appear in OCGA § 9-9-13 (b), "a statute is to be read as a whole, and the spirit and intent of the legislation prevails over a literal reading of the language. [Cit.]" *Kemp v. City of Claxton*, 269 Ga. 173, 175 (1) (496 SE2d 712) (1998). The phrase has a simple and well-defined meaning: "To manifestly disregard the law, one must be conscious of the law and deliberately ignore it. [Cit.]" *Montes v. Shearson Lehman Bros.*, 128 F3d 1456, 1461 (11th Cir. 1997) (applying federal law). As thus construed, the ground "is a narrow one." *Montes v. Shearson Lehman Bros.*, supra at 1462.

> [T]here must be something beyond and different from mere error in law or failure on the part of the arbitrators to understand or apply the law; it must be demonstrated that the majority of arbitrators deliberately disregarded what they knew to be the law in order to reach the result they did. [Cits.]

*Health Services Management Corp. v. Hughes*, 975 F2d 1253, 1267 (C) (7th Cir. 1992) (applying federal law). Therefore, "[a]n arbitration board that incorrectly interprets the law has not manifestly disregarded it." *Montes v. Shearson Lehman Bros.*, supra at 1461. "[T]he term 'disregard' implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it. [Cit.]" *Merrill Lynch, Pierce, Fenner & Smith v. Bobker*, 808 F2d 930, 933 (2d Cir. 1986) (applying federal law).

> When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle.

*Merrill Lynch, Pierce, Fenner & Smith v. Jaros*, 70 F3d 418, 421 (III) (6th Cir. 1995) (applying federal law). Thus, "manifest disregard of the law" is an applicable ground for vacating an award only in the limited instance "where it is clear from the record that the arbitrator recognized the applicable law — and then ignored it. [Cits.]" *Advest,*

*Inc. v. McCarthy*, 914 F2d 6, 9 (1st Cir. 1990) (applying federal law).

Under OCGA § 9-9-13 (b) (1), an arbitration award can be vacated for "misconduct in procuring the award" and, under subsection (b) (2), for the "[p]artiality of an arbitrator. . . ." In my opinion, in the very rare instance where an arbitrator intentionally ignores a controlling legal principle, he or she lacks the requisite impartiality and engages in such misconduct as to authorize vacation of the award. See *San Martine Compania de Navegacion v. Saguenay Terminals Ltd.*, 293 F2d 796, 801 (9th Cir. 1961) (applying federal law). In addition, subsection (b) (3) of the statute provides that "[a]n overstepping by the arbitrators of their authority" is a ground for vacation of the award. I simply do not believe that an arbitrator may refuse purposefully to follow the applicable law. "When a claim arises under specific laws, . . . the arbitrators are *bound to follow those laws* in the absence of a valid and legal agreement not to do so." (Emphasis supplied.) *Montes v. Shearson Lehman Bros.*, supra at 1459. Therefore, an arbitrator who intentionally elects not to be bound by controlling legal principles must necessarily overstep his or her legitimate authority. See *Metal Products Workers Union, Local 1645 v. The Torrington Co.*, 242 FSupp. 813, 820 (D. Conn. 1965) (applying federal law), aff'd, 358 F2d 103 (2d Cir. 1966).

A holding that the courts cannot vacate an arbitration award on the basis of the arbitrator's "manifest disregard of the law" has the effect of rendering judicial review a meaningless exercise. If the majority is correct, then an arbitrator is free to ignore the law wilfully, as the deliberate refusal to adhere to it will not prevent enforcement of the admittedly illegal award. Although judicial scrutiny of arbitration awards necessarily is limited, I believe that it nevertheless must be " 'sufficient to ensure that arbitrators comply with the requirements of the statute' at issue. [Cit.]" *Gilmer v. Interstate/ Johnson Lane Corp.*, 500 U. S. 20, 32 (III) (B), fn. 4 (111 SC 1647, 114 LE2d 26) (1991) (applying federal law). The courts "are charged with the obligation to exercise sufficient judicial scrutiny to ensure that arbitrators comply with their duties and the requirements of the statutes." *Williams v. Cigna Financial Advisors*, 197 F3d 752, 761 (II) (5th Cir. 1999) (applying federal law). Thus, based upon a reading of OCGA § 9-9-13 (b) as a whole, I submit that that statute implicitly invests the judiciary with the authority to vacate an arbitration award based upon an arbitrator's "manifest disregard of the law."

2. However, even assuming that that principle is not encompassed within OCGA § 9-9-13 (b), I still believe that the result the Court reaches today is incorrect. *Greene* did not involve the "manifest disregard of the law" concept and dealt only with the issue of whether the judiciary is authorized to vacate an arbitration award due to a lack of evidentiary support. This Court answered that ques-

tion in the negative, correctly concluding that arbitration is not "subject to traditional rules of appellate review." *Greene v. Hundley*, supra at 597 (3). This holding in *Greene* that a lack of evidence is a traditional ground of judicial scrutiny which is inapplicable to review of an arbitration award is entirely consistent with the "reluctance [of the judiciary] to suggest explicitly or implicitly that an arbitration board's decision can be reviewed on the basis that its conclusion or reasoning is legally erroneous." *Montes v. Shearson Lehman Bros.*, supra at 1461. However, that reluctance should not extend to a review based upon a "manifest disregard of the law," because "[t]he courts which have recognized the manifest disregard of [the] law standard define it as necessarily meaning 'more than error or misunderstanding with respect to law.' [Cit.]" *O.R. Securities v. Professional Planning Assoc.*, 857 F2d 742, 747 (11th Cir. 1988) (applying federal law). Yet, the statement in *Greene* that the bases set forth in OCGA § 9-9-13 (b) are the exclusive grounds for vacating an arbitration award seemingly forecloses any consideration of the possibility that "manifest disregard of the law" is a valid non-statutory ground. In my opinion, *Greene*'s unqualified restriction of the authority of the judiciary to review arbitration awards was unnecessary. I believe that we should have limited our holding in *Greene* to the rejection of the lack of evidentiary support as a permissible ground, and left the question of the validity of other non-statutory grounds, such as "manifest disregard of the law," for a case in which that issue was presented squarely. The present appeal is the first case in which this Court has focused on the concept of "manifest disregard of the law," and I cannot concur in a refusal to consider the viability of that ground based upon the unnecessary statement in *Greene* that there are no permissible non-statutory bases for vacating an arbitration award.

The "manifest disregard of the law" principle stems from the decision of the Supreme Court of the United States in *Wilko v. Swan*, 346 U. S. 427, 436 (74 SC 182, 98 LE2d 168) (1953), overruled on other grounds, *Rodriguez de Quijas v. Shearson/American Express*, 490 U. S. 477, 485 (III) (109 SC 1917, 104 LE2d 526) (1989), indicating that, although the arbitrator's erroneous interpretation of the law would not subject an award to reversal, his or her clear disregard of the law would. See also *First Options of Chicago v. Kaplan*, 514 U. S. 938, 942 (II) (115 SC 1920, 131 LE2d 985) (1995) (holding that "manifest disregard of the law" is one of the "very unusual circumstances" in which a federal court can set aside an arbitration award). Since then, it appears that all of the "numbered federal circuit courts and the D.C. Circuit have recognized manifest disregard of the law as either an implicit or nonstatutory ground for vacatur under the FAA [(Federal Arbitration Act)]. [Cit.]" *Williams v. Cigna Financial Advi-*

*sors*, supra at 759 (II). See also *Montes v. Shearson Lehman Bros.*, supra at 1460. Thus, today "[m]ost state and federal courts recognize[ ] one or more nonstatutory grounds warranting vacatur of an arbitral award, including . . . the arbitrator's manifest disregard of the law. . . ." *Williams v. Cigna Financial Advisors*, supra at 757 (II).

The rationale for this almost universal acceptance of the "manifest disregard of the law" principle is that it is deemed a necessary component of the courts' "obligation to exercise sufficient judicial scrutiny to ensure that arbitrators comply with their duties and the requirements of the statutes." *Williams v. Cigna Financial Advisors*, supra at 761 (II). "A primary advantage of arbitration is the expeditious and final resolution of disputes by means that circumvent the time and expense associated with civil litigation." *Greene v. Hundley*, supra at 597 (3). However, that advantage is surely lost if the judiciary permits arbitrators to circumvent the applicable law wilfully. No reasonable potential litigant would select arbitration in lieu of a lawsuit if there is a possibility that the dispute will be resolved by a final award issued by an arbitrator who has judicial approval to ignore controlling legal principles. Therefore, to the extent that *Greene* bars acceptance of a "manifest disregard of the law" as a valid ground for vacating an award, it discourages arbitration as an alternate method of dispute resolution and places Georgia outside the mainstream of persuasive authority. Accordingly, I would overrule the holding in *Greene* that OCGA § 9-9-13 (b) provides the exclusive grounds for vacating an arbitration award, and adopt "manifest disregard of the law" as a viable basis for doing so. Thus, the judgment of the Court of Appeals should be affirmed.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED JULY 15, 2002 —
RECONSIDERATION DENIED SEPTEMBER 16, 2002.

*Griffin, Cochrane & Marshall, William H. Parkman, Peter H. Strott*, for appellants.
*Anderson Dailey LLP, Michael A. Dailey*, for appellees.
*King & Croft, Terrence L. Croft*, amicus curiae.