**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 27, 2026**

# In the Court of Appeals of Georgia

A25A2081. TRENCH-SIMMONS et al. v. UNIFIED WOMEN'S CARE OF GEORGIA, LLC.

McFADDEN, Presiding Judge.

Charis Trench-Simmons and Lorenza Simmons appeal from an order denying their petition to modify an arbitration award that awarded attorney fees to Unified Women's Care of Georgia, LLC. The appellants argue that the superior court erred in denying their petition to modify because Unified was not a prevailing party under Georgia law and so was not entitled to attorney fees under the terms of the parties' employment agreements.

We hold that regardless of whether the arbitrator incorrectly determined that Unified was the prevailing party under Georgia law, the arbitration award was not

subject to modification under OCGA § 9-9-14. So the trial court did not err in denying the petition, and we affirm.

1. *Background and arbitrator's award*

The record shows that the appellants entered into employment agreements with Unified.[1] As to attorney fees and expenses, paragraph 13.6 of the agreements provided:

> In the event of litigation or arbitration, except as to the division of fees provided herein as to the arbitrator, the prevailing party therein shall be entitled to recover its, his or her reasonable costs, expenses and fees, including reasonable attorney fees and expert witness fees, incurred in such litigation or arbitration, including all levels of proceeding, tr[ia]l, appeal and post-judgment.

After the termination of their employment, the appellants filed an action against Unified for declaratory and injunctive relief. The trial court dismissed some of the appellants' claims, referred others to arbitration under an arbitration provision in the parties' agreements, and stayed the litigation pending arbitration.

In the arbitration, the appellants sought declaratory and injunctive relief relating to a restrictive covenant in their agreements as well as damages and attorney fees.

---

[1] Only Charis Trench-Simmons's agreement is in the appellate record, but the arbitrator found that the agreements were "substantially the same."

Unified asserted counterclaims for breach of contract, indemnification, and unjust enrichment, seeking damages and attorney fees.

After a hearing, the arbitrator entered a final award, finding that the appellants' claims failed for various reasons. He concluded that the appellants were not entitled to attorney fees because they did not prevail on their claims. He found that Unified "sufficiently prove[d] entitlement to recovery in part." But he also found that Unified had *not* "sufficiently proven entitlement to damages based on [its] breach of contract, indemnification, or unjust enrichment counterclaims."

Then he held that Unified "ha[d] demonstrated entitlement" to an award of attorney fees, because it was "the prevailing party," "[h]aving successfully defended against the [appellants'] claims . . . and not having relief imposed against [it]. . . ." He made no findings about whether the appellants successfully defended against Unified's counterclaims, although no damages were awarded against them, either.

Unified filed a motion in the original declaratory judgment action in superior court, Case Number 2022CV368194, to confirm the arbitration award. In a separate action with a new case number, Case Number 2024CV012126, the appellants filed a petition to modify the award under OCGA § 9-9-14 (b). The superior court entered

3

the same order in both cases, denying the appellants' petition and confirming the award. The appellants filed this appeal from the order in Case Number 2024CV012126.

2. *Jurisdiction*

"Although no party has questioned our jurisdiction in this appeal, it is our duty to inquire into our jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction. For the reasons that follow, we conclude that we do have jurisdiction in this case." *State of Ga. v. Federal Def. Program*, 315 Ga. 319, 324 (2) (882 SE2d 257) (2022) (citation and punctuation omitted).

If the appellants were appealing from the order confirming the arbitration award in Case Number 2022CV368194, we may not have jurisdiction. We lack "jurisdiction to consider an appeal taken from a reviewing court's order confirming an arbitration award" because it is not a final judgment. *Green Tree Servicing v. Jones*, 333 Ga. App. 184, 184 (1) (775 SE2d 714) (2015). "[R]ather, upon entry of the court's order confirming the award, a separate judgment must also be entered by the reviewing court, and this [c]ourt has jurisdiction to consider an appeal taken from the judgment." Id. See also *McFarland v. Roberts*, 335 Ga. App. 40, 48 n. 4 (1) (778 SE2d

4

349) (2015) ("An order simply confirming an arbitration award is not a final, appealable judgment. . . ."). The appellate record — which is only from the separate action in which the appellants filed their petition for review, Case Number 2024CV012126 — contains no judgment entered on the confirmation of the award.

But the appellants filed their notice of appeal in the separate action in which they filed their petition for review, Case Number 2024CV012126, and in which the only relief sought was the modification of the arbitration award.[2] The trial court denied the petition for review seeking modification and ordered the case to be closed. So, at least as to the instant case, there is nothing pending below and we have jurisdiction under OCGA § 5-6-34 (a) (1) (B).

3. *Modification*

The appellants argue that the trial court should have modified the award under OCGA § 9-9-14 (b), which specifies when modification is authorized:

> The court shall modify the award if: (1) There was a miscalculation of figures or a mistake in the description of any person, thing, or property referred to in the award; (2) The arbitrators awarded on a matter not

---

[2] Although Unified filed in both case numbers a brief in support of its petition for confirmation, it only filed the petition for confirmation itself in the original case number, Case Number 2022CV368194.

submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or (3) The award is imperfect in a manner of form, not affecting the merits of the controversy.

OCGA § 9-9-14 (b) "must be strictly construed, and . . . the statutory bases of OCGA § 9-9-14 provide the exclusive grounds for the modification of an arbitration award." *Ralston v. City of Dahlonega*, 236 Ga. App. 386, 387 (2) (512 SE2d 300) (1999).

On appeal, the appellants do not specify under which subsection of OCGA § 9-9-14 (b) they challenge the arbitrator's award. But they argue that the trial court erred by denying their petition because the arbitrator misapplied the law. Specifically, they argue that, contrary to the arbitrator's finding, Unified was not a prevailing party under Georgia law. Misapplication of the law is not one of the three grounds for modifying an arbitration award under OCGA § 9-9-14 (b). *Ralston*, 236 Ga. App. at 387 (3).

In the trial court, they argued that the court should modify the award because the award was based on a matter not properly submitted to the arbitrator, OCGA § 9-9-14 (b) (2), and was imperfect in form, OCGA § 9-9-14 (b) (3). They have not demonstrated that they are entitled to relief under either of these subsections.

Both the appellants and Unified requested attorney fees in the arbitration proceedings, so the matter was submitted to the arbitrator for the purpose of OCGA § 9-9-14 (b) (2).

And the award was not imperfect in form within the meaning of OCGA § 9-9-14 (b) (3). Although there is scant Georgia authority involving this subsection, federal case law interpreting 9 USC § 11 (c), a provision of the Federal Arbitration Act that is substantially the same as OCGA § 9-9-14 (b) (3), gives guidance. Federal courts have held that "[a]n award that is imperfect in matter of form, as these terms suggest, is one that suffers from a scrivener's error or that otherwise does not deliver on the arbitrator's stated purpose in granting relief." *Grain v. Trinity Health, Mercy Health Servs.*, 551 F3d 374, 379 (III) (B) (6th Cir. 2008) (observing that court had found no case "in which the outcome of an arbitrator's reasoned decision regarding the appropriate amount of an attorneys' fees award is viewed as a 'matter of form'"). See also *Kyocera Corp. v. Prudential-Bache Trade Servs.*, 341 F3d 987, 997 (9th Cir. 2003) (describing the type of errors covered by this subsection as "technical error[s]"). The appellants' argument that the arbitrator misapplied Georgia law on the issue of who

is a prevailing party is not the kind of scrivener's or technical error that amounts to an imperfect form.

To the extent that the appellants implicitly argue that they are entitled to relief under OCGA § 9-9-14 (b) (1), which concerns modification for a miscalculation of figures or a mistake in a description, they "never presented this argument to the trial court, [so] we cannot consider it." *Ralston*, 236 Ga. App. at 388 (3).

The appellants have not shown that the trial court erred by denying their petition for review. So we affirm.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*