A04A1397. ADAGE, INC. et al. v. BANK OF AMERICA, N.A.
(600 SE2d 829)

ANDREWS, Presiding Judge.

Adage, Inc. and Jaswant Pujari appeal from the order of the Superior Court of Gwinnett County confirming an arbitration award entered in favor of Bank of America, N.A. (BOA), and entering judgment on the confirmed award. For the following reasons, we reverse and remand the case to the superior court for reconsideration of BOA's application for confirmation.

1. Under the terms of a promissory note, Adage and Pujari commenced arbitration proceedings with JAMS/Endispute to contest amounts owed to BOA under the note, and BOA answered and counterclaimed in the proceedings seeking an award of amounts owed by Adage and Pujari under the note and various other loan documents. It is undisputed that the arbitration was governed by the provisions of the Federal Arbitration Act (FAA) (9 USC § 1 et seq.). After the arbitrator entered an award in favor of BOA's claims and against the claims made by Adage and Pujari, BOA sought judicial confirmation of the award.

At the confirmation hearing, Adage and Pujari argued that, because the arbitration was governed by the FAA, judicial confirmation of the award was precluded because the arbitration provisions in the note did not contain an agreement that judgment would be entered on the award, as required by section 9 of the FAA. In response, BOA argued in part that the court was authorized to confirm the award pursuant to OCGA § 9-9-3 of the Georgia Arbitration Code. The superior court's order confirming the award concludes that the court had jurisdiction to confirm the award pursuant to OCGA § 9-9-3, but the order contains no reference to application of the FAA.

On appeal, Adage and Pujari contend that the court erred by applying Georgia law instead of the FAA, and that section 9 of the FAA precludes confirmation of the award. We agree that the FAA rather than Georgia law controls confirmation of an arbitration award made pursuant to the FAA. *Hilton Constr. Co. v. Martin Mechanical Contractors*, 251 Ga. 701, 702-703 (308 SE2d 830) (1983). The superior court's confirmation order shows that it applied Georgia law and failed to apply the controlling legal standards set forth in the provisions of the FAA. Accordingly, we reverse the court's orders confirming the award and entering judgment on the award and remand the case with directions that confirmation of the award be reconsidered in light of the provisions of the FAA, especially section 9 of the FAA governing judicial confirmation of arbitration awards. See *Sarrio v. Gwinnett County*, 273 Ga. 404, 406 (542 SE2d 485) (2001) (remand to trial court for application of correct legal standard).

2. We find no merit in the contention of Adage and Pujari that the superior court erred by finding that the arbitration at issue was intended to be binding arbitration. Although the arbitration agreement in the promissory note does not use the word "binding," the note states that arbitration will be conducted pursuant to JAMS/Endispute rules for arbitration of financial services, which refer to binding arbitration. Moreover, other loan documents at issue in the arbitration specifically use the word "binding" in reference to arbitration.

*Judgment reversed and case remanded. Miller and Ellington, JJ., concur.*

DECIDED JUNE 15, 2004.

*Schreeder, Wheeler & Flint, John A. Christy, J. Carole Thompson-Hord*, for appellants.
*Morris, Manning & Martin, Beth E. Rogers*, for appellee.