**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 29, 2014**

# In the Court of Appeals of Georgia

A14A2017. ALESSI et al. v. CORNERSTONE ASSOCIATES, INC.

ELLINGTON, Presiding Judge.

On May 12, 2014, the Superior Court of Spalding County granted the application for confirmation of an arbitration award filed by Cornerstone Associates, Inc. In the same order, the trial court granted Cornerstone's motion for attorney fees under Georgia's "offer of settlement" statute, OCGA § 9-11-68, against Gary and Melissa Alessi, the parties who initiated the underlying arbitration proceedings by making a demand for arbitration of their dispute with Cornerstone. On June 2, 2014, the Alessis filed a notice of direct appeal from the May 12, 2014 order. The trial court, however, has not yet entered an appealable final judgment in this matter. "[W]ith regard to judicial actions confirming arbitration awards," the Georgia Arbitration Code requires that "the judgment and the order confirming the award must

be on *separate documents*[.]" (Emphasis supplied.) *Barge v. St. Paul Fire & Marine Ins. Co.*, 245 Ga. App. 112, 117 (2) (535 SE2d 837) (2000). See OCGA § 9-9-15 (a) ("Upon confirmation of the award by the court, judgment shall be entered in the same manner as provided by [the Civil Practice Act] and be enforced as any other judgment or decree."); (b) ("The judgment roll shall consist" of the arbitration agreement, the arbitrators' award, a copy of the court order confirming, modifying, or correcting the award, and a copy of the judgment.). Thus, an order confirming an arbitration award is not, itself, a "judgment." *Barge v. St. Paul Fire & Marine Ins. Co.*, 245 Ga. App. at 117 (2).

"It is the duty of this [C]ourt to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." (Punctuation and footnote omitted.) *Deleon-Alvarez v. State*, 324 Ga. App. 694, 698 (1) (751 SE2d 497) (2013). See also *O'Leary v. Whitehall Constr.*, 288 Ga. 790, 791 (1) (708 SE2d 353) (2011) (accord); *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 161 (701 SE2d 599) (2010) (accord). Because the May 12, 2014 order is neither a final judgment nor a type of judgment otherwise designated as directly appealable in OCGA § 5-6-34 (a), and because the Alessis failed to comply with the interlocutory appeal procedure provided in OCGA § 5-6-34 (b), the Alessis' notice

2

of appeal failed to confer jurisdiction upon this Court. Accordingly, this appeal must be dismissed as premature. *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. at 161; *Barge v. St. Paul Fire & Marine Ins. Co.*, 245 Ga. App. at 117 (2). The Alessis' premature notice of appeal will be effectively filed upon entry of judgment. *Gillen v. Bostick*, 234 Ga. 308, 310-311 (1) (215 SE2d 676) (1975); *Livingston v. State*, 221 Ga. App. 563, 564-565 (1) (472 SE2d 317) (1996). The case may then be retransmitted to this Court for redocketing.

*Appeal dismissed without prejudice and case remanded. Phipps, C. J., and McMillian, J., concur.*