**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 16, 2015**

# In the Court of Appeals of Georgia

A14A2001. GREEN TREE SERVICING, LLC v. JONES et al.

ANDREWS, Presiding Judge.

Green Tree Servicing, LLC appeals from the reviewing court's order confirming an arbitration award and entry of judgment in favor of Maxwell Jones and Cynthia Jones on wrongful foreclosure and related claims against Green Tree. Because the order confirming the award was entered without giving Green Tree required notice and an opportunity to respond to the Joneses' application to confirm the award, we vacate the confirmation order and the judgment entered on the order, and remand the case to the reviewing court.

1. As a threshold matter, we address, sua sponte, this Court's jurisdiction to consider Green Tree's appeal.

The record shows that the reviewing court entered an order confirming the arbitration award in favor of the Joneses, and, upon entry of the order, also entered a separate judgment in favor of the Joneses. The reviewing court entered the separate order and judgment on the same document, and the appeal was taken from the final judgment.

It is undisputed that the arbitration concerned an agreement involving interstate commerce and was governed by the Federal Arbitration Act (FAA). Pursuant to 9 USC § 16 (a) (1) (D) of the FAA, appeals may be taken from a reviewing court's order confirming an arbitration award which would not otherwise qualify as an appealable final judgment under the traditional final judgment rules of 28 USC § 1291. *Bull HN Information Systems, Inc. v. Hutson*, 229 F3d 321, 327 (1st Cir. 2000). The contrary Georgia rule is that this Court has no jurisdiction to consider an appeal taken from a reviewing court's order confirming an arbitration award; rather, upon entry of the court's order confirming the award, a separate judgment must also be entered by the reviewing court, and this Court has jurisdiction to consider an appeal taken from the judgment. OCGA §§ 5-6-34 (a); 9-9-15; 9-9-16. But for the judgment to be appealable, this Court has also held that, "with regard to judicial actions confirming arbitration awards, the judgment and the order confirming the award must

2

be on separate documents. . . ." *Barge v. St. Paul Fire & Marine Ins. Co.*, 245 Ga. App. 112, 117 (535 SE2d 837) (2000); OCGA § 9-9-15 (b).

We first consider whether the FAA rule preempts the Georgia rule. "Because the FAA contains no express preemptive provision and does not reflect a congressional intent to occupy the entire field of arbitration, its provisions will preempt state law only to the extent it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *American Gen. Financial Svcs. v. Jape*, 291 Ga. 637, 639 (732 SE2d 746) (2012) (citation and punctuation omitted). Moreover, "[t]here is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt Information Sciences, Inc. v. Bd. of Trustees &c.*, 489 U. S. 468, 476 (109 SCt 1248, 103 LE2d 488) (1989). Accordingly, Georgia is entitled to apply its own procedural rules where those rules do not undermine the FAA objective to enforce private arbitration agreements. Id.; *Simmons Co. v. Deutsche Financial Svcs. Corp.*, 243 Ga. App. 85, 88 (532 SE2d 436) (2000). We conclude that both the FAA rule and the contrary Georgia rule, as set forth above, are procedural rules concerning appellate review of court orders or judgments. The Georgia rule requiring entry of a separate

3

final judgment before an appeal may be taken determines only the efficient order of proceedings, does not discriminate between appeals involving enforcement of arbitration agreements and those involving enforcement of other agreements, and does not undermine the purposes or objectives of the FAA to enforce arbitration agreements. Accordingly, we find that the Georgia procedural rule is not preempted by the contrary FAA procedural rule, and that, even where other substantive FAA provisions govern the arbitration, the Georgia procedural rule applies.

Applying the Georgia procedural rule, we consider whether this Court lacks jurisdiction merely because, as set forth above, the reviewing court entered the order confirming the award and the judgment on the same document. We find that, although OCGA § 9-9-15 of the Georgia Arbitration Code contemplates entry of a judgment separate from the order confirming the award, it does not require that the order and the judgment be entered on separate documents. To the extent that *Barge*, 245 Ga. App. 112, holds to the contrary, it is overruled. We disapprove and will not follow dicta in *Alessi v. Cornerstone Assoc., Inc.*, 329 Ga. App. 420, 420 (765 SE2d 630) (2014) citing to and quoting the overruled holding in *Barge*. Accordingly, we have jurisdiction to consider Green Tree's appeal.

2. Green Tree appeals from the judgment entered on the order confirming the arbitration award asserting as error that the award was confirmed (and judgment entered) without giving Green Tree required notice and an opportunity to respond to the Joneses' application to confirm the award.

Pursuant to a consent order entered in an action pending in the State Court of Muscogee County, the Joneses and Green Tree agreed to arbitrate their dispute pursuant to the provisions of the FAA. After a four-day hearing before the arbitrator, an arbitration award in the amount of $4,800,000.00 in favor of the Joneses and against Green Tree was entered on April 29, 2014. Two days later, on May 1, 2014, the Joneses filed an application in the State Court in Columbus, Georgia, seeking judicial confirmation of the award pursuant to 9 USC § 9 of the FAA. The application contained a certificate of service by the Joneses' attorney stating that, on the same date (May 1, 2014), the application was served on Green Tree's attorney "by depositing a true copy of same in the United States Mail, in a properly addressed envelope with adequate postage thereon." The certificate of service shows the address of the Joneses' attorney in Columbus, Georgia, and the address of Green Tree's attorney (where the service copy of the application was mailed) in Duluth, Georgia. The record shows that, on May 1, 2014, the same day the application was filed and

served on Green Tree's attorney by mail, the State Court entered the order confirming the arbitration award, and entered final judgment on the order. On May 27, 2014, Green Tree filed a motion in the State Court to vacate the order confirming the award on the basis that the order was entered by the Court without giving Green Tree notice of or an opportunity to respond to the Joneses' application to confirm the award. But on May 29, 2014, Green Tree filed a timely notice of appeal in the State Court initiating the present direct appeal from the May 1, 2014 judgment entered on the order confirming the award. On appeal, the Joneses do not dispute Green Tree's assertion in its statement of facts that the State Court entered the order confirming the award, and the judgment, less than an hour after the application for confirmation of the award was filed and served by mail, and that, under these circumstances, Green Tree had no notice of or opportunity to respond to the application. Under Court of Appeals Rule 25 (b) (1), we accept these uncontroverted facts as true.

Section 9 of the FAA provides that, within one year after an arbitration award is made, application may be made to the reviewing court for an order confirming the award, and that the court must grant the order unless the award is vacated, modified, or corrected as set forth in sections 10 and 11 of the FAA. An application for confirmation of an award is treated under 9 USC § 6 of the FAA as a motion in an

6

ongoing proceeding, not a complaint initiating an action. *D. H. Blair & Co. v. Gottdiener*, 462 F3d 95, 108 (2nd Cir. 2006). Accordingly, section 9 of the FAA further provides in relevant part that:

> Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court.

Similar provisions of the Georgia Arbitration Code (GAC) provide that application to the reviewing court for confirmation of an arbitration award be made by motion; that the award be confirmed unless it is vacated or modified under the GAC; and that the application "shall be served in the same manner as pleadings subsequent to the original complaint and other papers are served under [the Georgia Civil Practice Act (CPA)]." OCGA §§ 9-9-4 (a) (2); (c) (3); 9-9-12; *Hardin Constr. Group, Inc. v. Fuller Enterprises, Inc.*, 265 Ga. 770, 771 (462 SE2d 130) (1995). Accordingly, the FAA and the GAC require that an application to confirm an arbitration award be served on the adverse party to give adequate notice and an opportunity to respond and raise objections. Although the substantive provisions of 9 USC § 9 control confirmation of an arbitration award made pursuant to the FAA (*Adage, Inc. v. Bank*

7

*of America, N.A.*, 267 Ga. App. 877, 878 (600 SE2d 829) (2004)), service of process on the adverse party required by section 9 of the FAA (and by the GAC's similar service requirement) is controlled by the procedures for service and response set forth in Georgia's CPA and the applicable Georgia uniform court rules. See *Jape*, 291 Ga. at 641, n. 2 (no federal policy favoring arbitration under a certain set of procedural rules; the FAA does not set forth applicable procedures; and "[i]t is beyond dispute . . . that [the Federal Rules of Civil Procedure] do not apply in state court proceedings.").

Treating the application to confirm the award as a motion or pleading filed in the ongoing proceeding, OCGA § 9-11-5 of the CPA provides in subsection (a) that the written motion "shall be served" on Green Tree as a party to the proceeding, and further provides in subsection (b) that:

> Whenever under this chapter service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to the person to be served or by mailing it to the person to be served at the person's last known address or, if no address is known, by leaving it with the clerk of the court. As used in this Code section, the term "delivery of a copy" means handing it to the person to be served or leaving it at the person to be served's office with a person in charge thereof or, if such office is closed or the person to be served has no office, leaving it at the person to be served's dwelling house or usual

place of abode with some person of suitable age and discretion residing therein. "Delivery of a copy" also means transmitting a copy via e-mail in portable document format (PDF) to the person to be served using all e-mail addresses provided pursuant to subsection (f) of this Code section and showing in the subject line of the e-mail message the words "STATUTORY ELECTRONIC SERVICE" in capital letters. Service by mail is complete upon mailing. Proof of service may be made by certificate of an attorney or of his or her employee, by written admission, by affidavit, or by other proof satisfactory to the court.

OCGA § 9-11-5 (a), (b). As set forth in the statute, OCGA § 9-11-5 (b) provided for service of the application on Green Tree's attorney by alternate means, including service by mail. Uniform State Court Rule (USCR) 6.2 provides that "[u]nless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion, or on the date of the hearing (if one is held) whichever occurs sooner." The Joneses filed their application on May 1, 2014 and served it on the same day by placing it in the U. S. mail addressed to Green Tree's attorney. OCGA § 9-11-5 (b). Service was complete upon mailing. Id. Nothing in the record shows that the State Court judge ordered Green Tree to respond by a certain date, or that the Court gave notice of or held a hearing on the application. Accordingly, under USCR 6.2, Green Tree's response was due "not later than 30 days

9

after service of the motion," plus an additional three days to respond granted under OCGA § 9-11-6 (e) because the application was served by mail.

As set forth above, entry of the order granting the Joneses' application to confirm the arbitration award (and entry of the judgment) on May 1, 2014, the same day the application was filed and served by mail on Green Tree's attorney, deprived Green Tree of notice and opportunity to respond to the application to raise objections to confirmation. "[W]henever notice is required to be given in a judicial proceeding, due process requires that it be such notice as is reasonably calculated, under all the circumstances, to enable the interested parties to protect their rights." *Green v. Green*, 263 Ga. 551, 558 (437 SE2d 457) (1993) (citation and punctuation omitted). As to service of a motion on a party to an ongoing proceeding, the constitutional right to notice and due process can be satisfied through subsequent service by mail in accordance with OCGA § 9-11-5 (b). *Southworth v. Southworth*, 265 Ga. 671, 674 (461 SE2d 215) (1995). But to satisfy the requirements of due process, the notice must be "reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Allen v. Board of Tax Assessors &c.*, 247 Ga. 568, 569 (277 SE2d 660) (1981) (citation and punctuation omitted). The present record shows that, because the State Court signed

10

the confirmation order and judgment less than an hour after the application was filed and served by mail, this deprived Green Tree of notice and an opportunity to repond. Under these circumstances, entry of the order and judgment without notice and an opportunity to respond "violate[d] the most rudimentary demands of due process of law." *Peralta v. Heights Medical Center, Inc.*, 485 U. S. 80, 84 (108 SCt 896, 99 LE2d 75) (1988) (citation and punctuation omitted).

"[A] judgment is void if the court in which it is entered acted in a manner materially inconsistent with due process." *Sims v. City of Toccoa*, 256 Ga. 368, 370 (349 SE2d 385) (1986). "A judgment that is void may be attacked at any time. . . ." Id. Green Tree was entitled to appeal directly from the final judgment entered in a manner inconsistent with the basic requirements of due process. Moreover, we decline to address the merits of the Joneses' contention that the error was harmless because Green Tree cannot establish grounds to object to confirmation of the award. Where a party has suffered an adverse judgment in a manner contrary to basic tenants of due process, "it is no answer to say that in [Green Tree's] particular case due process of law would have led to the same result because [it] had no adequate defense upon the merits. . . . [O]nly wiping the slate clean [restores Green Tree] to the

11

position [it] would have occupied had due process of law been accorded to [it] in the first place." *Peralta*, 485 U. S. at 86- 87 (citation and punctuation omitted).

Accordingly, we vacate the order confirming the arbitration award, and the judgment entered on the order, and remand the case for reconsideration of the application to confirm the award in accordance with this opinion.

*Judgment vacated and case remanded. Doyle, C. J., Barnes, P. J., Ellington, P. J., Phipps, P. J., Dillard, McFadden, Boggs, Ray, Branch, and McMillian, JJ., concur. Miller, J., concurs specially.*

A14A2001.  GREEN TREE SERVICING, LLC v. JONES et al.

MILLER, Judge, concurring specially and fully.

While I agree with the majority's ultimate judgment, I write separately to note that *Barge v. St. Paul & Marine Ins. Co.*, 245 Ga. App. 112 (535 SE2d 837) (2000), did not seek to answer the question of whether, as a matter of jurisdiction, an order confirming an arbitration award and an entry of judgment must be on separate documents in order for a direct appeal to lie. Rather, the questions presented in *Barge* were whether the trial court correctly confirmed the arbitration award and whether the trial court erred in requiring the appellants to post a supersedeas bond. Id. at 113 (1), 116 (2). With respect to the first question, this Court concluded that the trial court correctly confirmed the arbitration award. Id. at 116 (1).

In answering the second question, this Court held that, since the trial court's order confirming the arbitration award did not attach the award in question and the amount of the award was otherwise indiscernible, the trial court's order "was not a certain and definite money judgment upon which an execution could operate, and thus there was no execution for a supersedeas to prevent." Id. at 116 (2). This holding alone would have been sufficient basis to vacate the trial court's supersedeas order.

*Barge* made further pronouncements that the meaning of "judgment" as used

in OCGA § 9-9-15 required that a copy of the judgment and the order confirming the arbitration award be on separate documents. *Barge*, supra, 245 Ga. App. at 117 (2). Based on this *dicta*, this Court has dismissed appeals from confirmation orders for lack of jurisdiction on the ground that there is no final judgment where the order confirming the arbitration award and the entry of judgment are not on separate documents. See *Alessi v. Cornerstone Assn.*, 329 Ga. App. 420 (765 SE2d 630) (2014) .

A fair reading of *Barge* clearly shows that it was never intended to set forth a jurisdictional requirement based on the language in OCGA § 9-9-15, as it merely resolved the supersedeas bond issue based on the facts in that case. Nevertheless, the *dicta* in *Barge* has been repeatedly relied upon in error to conclude that this Court lacks jurisdiction, causing an unnecessary delay in the resolution of the merits of an appeal challenging an arbitration award. See *Alessi*, supra, 329 Ga. App. at 420 (dismissing an appeal as premature and advising that the dismissed case could be re-docketed upon entry of a judgment that satisfied *Barge* requirements). Since *Barge* has been misconstrued to establish jurisdictional requirements that limited access to this Court, I agree that *Barge*, along with *Alessi*, must be overruled to the extent they have been misinterpreted in this manner.

2