MILLER, Judge,
concurring specially and fully.
While I agree with the majority’s ultimate judgment, I write separately to note that Barge v. St. Paul Fire & Marine Ins. Co., 245 Ga. App. 112 (535 SE2d 837) (2000), did not seek to answer the question of whether, as a matter of jurisdiction, an order confirming an arbitration award and an entry of judgment must be on separate documents in order for a direct appeal to lie. Rather, the questions presented in Barge were whether the trial court correctly confirmed the arbitration award and whether the trial court erred in requiring the appellants to post a supersedeas bond. Id. at 113 (1), 116 (2). With respect to the first question, this Court concluded that the trial court correctly confirmed the arbitration award. Id. at 116 (1).
In answering the second question, this Court held that, since the trial court’s order confirming the arbitration award did not attach the award in question and the amount of the award was otherwise indiscernible, the trial court’s order “was not a certain and definite money judgment upon which an execution could operate, and thus there was no execution for a supersedeas to prevent.” Id. at 116 (2). This holding alone would have been a sufficient basis to vacate the trial court’s supersedeas order.
Barge made further pronouncements that the meaning of “judgment” as used in OCGA § 9-9-15 required that a copy of the judgment and the order confirming the arbitration award be on separate documents. Barge, supra, 245 Ga. App. at 117 (2). Based on this dicta, this Court has dismissed appeals from confirmation orders for lack of jurisdiction on the ground that there is no final judgment where the order confirming the arbitration award and the entry of judgment are not on separate documents. See Alessi v. Cornerstone Assoc., 329 Ga. App. 420 (765 SE2d 630) (2014).
A fair reading oí Barge clearly shows that it was never intended to set forth a jurisdictional requirement based on the language in OCGA § 9-9-15, as it merely resolved the supersedeas bond issue based on the facts in that case. Nevertheless, the dicta in Barge has been repeatedly relied upon in error to conclude that this Court lacks jurisdiction, causing an unnecessary delay in the resolution of the *191 merits of an appeal challenging an arbitration award. See Alessi, supra, 329 Ga. App. 420 (dismissing an appeal as premature and advising that the dismissed case could be re-docketed upon entry of a judgment that satisfied Barge requirements). Since Barge has been misconstrued to establish jurisdictional requirements that limited access to this Court, I agree that Barge, along with Alessi, must be overruled to the extent they have been misinterpreted in this manner.
Decided July 16, 2015.
Kenney & Medina, Thomas S. Kenney, John A. Medina, for appellant.
Charles A. Gower, Miranda J. Brash; Bondurant, Mixson & Elmore, Michael B. Terry, for appellees.