# Court of Appeals
# of the State of Georgia

ATLANTA,  October 19, 2023

*The Court of Appeals hereby passes the following order:*

## A24D0095. ARTHUR LAWTON CLARK v. MICHAEL MCINTYRE et al.

Arthur Lawton Clark submitted his attorney fee dispute against Michael McIntyre to the State Bar of Georgia. The parties agreed to be bound by arbitration, and a panel of arbitrators found in favor of McIntyre. On March 28, 2023, the trial court entered a final order and judgment confirming the arbitration award. On August 18, 2023, Clark filed his "Petition for Application to Appeal" in the Supreme Court, which was docketed as an application for discretionary appeal and transferred to this Court. We, however, lack jurisdiction.

No provision of OCGA § 5-6-35 (a) requires the filing of a discretionary application from a final order and judgment confirming an arbitration award. Accordingly, the order here is subject to direct appeal. See, e.g., *Green Tree Servicing v. Jones*, 333 Ga. App. 184 (1) (775 SE2d 714) (2015). Ordinarily, when a party has a right of direct appeal and files an application for discretionary appeal, we will grant the application. See OCGA § 5-6-35 (j). However, the application for a discretionary appeal must be filed within 30 days of the order being appealed. See OCGA § 5-6-35 (d). Here, Clark filed his application almost five months after entry of the order he seeks to appeal. Given that the application is untimely, we are without jurisdiction to consider it. See *Crosson v. Conway*, 291 Ga. 220, 220 (1) (728 SE2d 617) (2012); see also *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this [C]ourt cannot accept an appeal not made in compliance therewith." Accordingly, this application is hereby DISMISSED.

To the extent that the trial court may have frustrated Clark's ability to seek appellate review by failing to notify him of its order in a timely manner, Clark's

remedy is to petition the trial court to vacate and re-enter the order under OCGA § 9-11-60 (g). See *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980), disapproved in part by *Wright v. Young*, 297 Ga. 683, 684  n.3 (777 SE2d 475) (2015). If the order is vacated and re-entered, Clark would be required to file a notice of appeal within 30 days from the date of re-entry. Id.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  10/19/2023

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*