**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 31, 2025**

# In the Court of Appeals of Georgia

A25A0433. CERIUM URGENT CARE, LLC et al. v. GASM, LLC.

HODGES, Judge.

Cerium Urgent Care, LLC and Al Waters appeal from a trial court order confirming an arbitration award in favor of GASM, LLC. They contend that the trial court erred in granting GASM's motion to confirm the award without giving them adequate time to respond and in confirming the award after the case had been administratively closed. For the reasons that follow, we vacate the order confirming the arbitration award and the judgment entered on the order, and remand the case for reconsideration in accordance with this opinion.

"In reviewing a trial court's order confirming or vacating an arbitration award, the appellate court reviews de novo the trial court's resolution of questions of law."

*Adventure Motorsports Reinsurance v. Interstate Nat. Dealer Svcs.*, 313 Ga. 19, 25 (1) (867 SE2d 115) (2021); accord *Brooks v. Brooks*, 366 Ga. App. 650 (883 SE2d 880) (2023) (finding that appellate court will uphold trial court's order confirming arbitration award unless it is clearly erroneous, but will review questions of law de novo).

So viewed, the record shows that GASM leased commercial real property to Cerium pursuant to a lease effective from September 1, 2017 to February 28, 2024. Waters served as guarantor on the lease. The lease required Cerium to pay its pro rata share of the building's operating expenses each year.

For the year 2020, Cerium disputed the calculation of the operating expenses and refused to pay them. GASM sued, and later amended its complaint to add claims for 2021 operating expenses. Cerium and Waters answered and counterclaimed. Following mediation, the parties entered into a confidential settlement and mutual release as to operating expenses for 2020 and 2021. The settlement established a detailed procedure for determining future operating expenses and included an amendment to the lease setting forth that new methodology.

This amendment also provided, inter alia, that within five days of the execution of the settlement agreement, "[t]he [p]arties shall administratively close the [c]ase

without prejudice" but that in the event of default, "[t]he [p]arties shall execute a [c]onsent [m]otion to reopen the [c]ase exercisable . . . following receipt by [Cerium and Waters] of default . . . ."

Cerium and Waters aver, without providing any citation to the record, that in February 2024, GASM demanded 2023 operating expenses which they disputed. This dispute proceeded to arbitration under the terms of the settlement, and on May 24, 2024, the arbitrator entered an award in GASM's favor for $36,911.92. The trial court confirmed the award and entered an order and final judgment, and Cerium and Waters appealed.

1. Cerium and Waters argue that the trial court erred in confirming the award prematurely, before they had time to respond. We agree.

GASM moved to confirm the award and certified that it had served counsel of record "via statutory electronic delivery and via the eFileGA electronic filing system" through an e-mail to opposing counsel on June 13, 2024. The trial court confirmed the award 29 days later,[1] on July 12, 2024.

_____

[1] See OCGA § 1-3-1 (d) (3): "Computation of time. Except as otherwise provided by time period computations specifically applying to other laws, when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any

3

Cerium and Waters argue that they were entitled to more time to respond. They are correct. "[U]nder [Uniform Superior Court Rule] 6.2, [their] response was due 'not later than 30 days after service of the motion,' plus an additional three days to respond granted under OCGA § 9-11-6 (e) because the [motion] was served by [e-]mail."[2] *Green Tree Servicing v. Jones*, 333 Ga. App. 184, 188 (2) (775 SE2d 714) (2015) (applying 30-day response time to application to confirm arbitration award, which is considered to be a motion, not a pleading, under the Federal Arbitration Act);[3] accord *Mughni v. Beyond Mgmt. Group*, 349 Ga. App. 398, 400-401 (2) (825 SE2d 829) (2019)

duty, the first day shall not be counted but the last day shall be counted[.]"

[2] OCGA § 9-11-6 (e) provides: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, other than process, upon him or her, and the notice or paper is served upon the party by mail or e-mail, three days shall be added to the prescribed period."

[3] *Green Tree Servicing*, 333 Ga. App. at 187 (2) also recognizes that the Georgia Arbitration Code ("GAC") "provide[s] that application to the reviewing court for confirmation of an arbitration award be made by motion; that the award be confirmed unless it is vacated or modified under the GAC; and that the application 'shall be served in the same manner as pleadings subsequent to the original complaint and other papers are served under the Georgia Civil Practice Act (CPA).' OCGA §§ 9-9-4 (a) (2); (c) (3); 9-9-12; *Hardin Constr. Group, Inc. v. Fuller Enterprises, Inc.*, 265 Ga. 770, 771 (462 SE2d 130) (1995)." (Punctuation omitted.)

(citing OCGA § 9-11-12 (a) and recognizing 30-day response time to motion seeking confirmation of arbitration award).[4]

The entry of the confirmation order was premature because Cerium and Waters did not receive the statutorily prescribed time to respond. See *Green Tree Servicing*, 333 Ga. App. at 189 (2). Accordingly, the order confirming the award, and the judgment, must be vacated.

2. Cerium and Waters also contend that the trial court erred in confirming the award because the case had been administratively closed and GASM had never moved to reopen it. Because of our determination in Division (1), we need not reach this contention of error.

*Judgment vacated and case remanded. McFadden, P. J., and Pipkin, J., concur.*

---

[4] GASM argues that because Cerium and Waters did not file an application to change the award, there is nothing to consider on appeal. However, as this Court has determined, where a trial court signed a confirmation order and judgment before the statutorily mandated time to respond to the motion to confirm had elapsed, this violates due process, and a "judgment is void if the court in which it is entered acted in a manner materially inconsistent with due process." (Citation and punctuation omitted.) *Green Tree Servicing*, 333 Ga. App. at 189 (2) (vacating and remanding even where appellee argued that any error in prematurely confirming arbitration award was harmless because appellant could not establish grounds to object to the confirmation).